61 Cal.Rptr. 902]

[Crim. No. 4244. Third Dist. June 14, 1967.]

In re CARL E. CLARK on Habeas Corpus.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, Edward A. Hinz, Jr., and Nelson P. Kempsky, Deputy Attorneys General, for Appellant.

Stanley Dawson Arnold for Respondent.

FRIEDMAN, J.—Petition for habeas corpus was filed in the superior court, seeking Carl E. Clark's discharge from the custody of the Department of Corrections. The superior court

granted the petition and the People appeal. (Pen. Code, § 1506.) Petitioner is presently on bail.

Clark had been committed to state prison in 1962 for forgery. The Adult Authority released him on parole in July 1964. Allegations of parole violation came to the Adult Authority's attention and on September 17, 1964, the authority canceled[1] Clark's parole. On the same day he reported to his parole officer, who lodged him in the Los Angeles County jail. He remained in the jail for 21 days. His parole having been revoked, he was taken to Folsom State Prison on October 8, 1964.

In September 1965, the Adult Authority fixed Clark's term at three years and three months. If credited with the 21 days spent in the county jail, Clark would have a discharge date of January 2, 1966. If, as the Attorney General contends, the 21 days was "dead time," his discharge date would be January 23, 1966. On January 19, 1966, the Adult Authority purported to rescind its action of September 29, 1965.

The sole question is whether Clark's 21 days in the Los Angeles County jail is "dead time" under Penal Code section 3064. That statute provides: "From and after the suspension or revocation of the parole of any prisoner and until his return to custody he shall be deemed an escape and fugitive from justice and no part of the time during which he is an escape and fugitive from justice shall be part of his term."

The question is resolved in petitioner's favor by *Aguilera* v. *California Dept. of Corrections*, 247 Cal.App.2d 150, 153 [55 Cal.Rptr. 292] (hg. den. by S. Ct.). The *Aguilera* opinion states:

"If . . . there was no [Adult] authority order for return to prison, and Aguilera had been held in jail only on the misdemeanor charges, there would be no interruption of parole and no question of adding time to his term would arise.

"Here, however, he was held in jail under both the [Adult] authority order and the misdemeanor charges. We look, then,

---

[1] At oral argument the Attorney General informed the court that the Adult Authority "cancels" a parole when the parolee is charged with law violations by the local authorities and "suspends" it when its own agents charge violation. The authority's ultimate action, confirming earlier cancellation or suspension, is termed "revocation." The distinction between cancellation and suspension appears to be a verbal one, for the agency's own convenience. For the purpose of Penal Code section 3064 (quoted *infra*) cancellation is the equivalent of suspension.

to the effect of the order upon his status as a charged misdemeanant. . . .

" . . . .

" . . . when he was jailed by an officer acting expressly under the authority's order, he was effectively held in actual custody. His return to prison was delayed solely because the authority consented to his detention in jail. We are unable to say that he has not been returned to custody within the meaning of section 3064. . . ." (Pp. 153-154.)

The Attorney General relies upon the statement in *In re Hall,* 63 Cal.2d 115, 117 [45 Cal.Rptr. 133, 403 P.2d 389], that "the time between a valid order of suspension and his actual return to state prison is not credited to his term." As pointed out in *Aguilera,* 247 Cal.App.2d at page 152, the quoted statement refers only to the maximum "dead time" which may be claimed. The *Hall* and *Aguilera* cases are consistent in recognizing that where the parolee is lodged in a county jail pursuant to the order of the Adult Authority or its agents, he is in "custody" within the meaning of section 3064. Under the circumstances, petitioner was entitled to credit on his sentence for the 21 days he spent in the Los Angeles County jail.

The order of discharge is affirmed.

Pierce, P. J., and Regan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 7, 1967.