[Crim. No. 11116.   In Bank.   Nov. 6, 1967.]

In re WARREN ELWOOD FLUERY on Habeas Corpus.

Warren Elwood Fluery, in pro. per., and Robert C. Anderson, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Horace Wheatley, Deputy Attorneys General, for Respondent.

TRAYNOR, C. J.—Petitioner, an inmate of San Quentin Prison, applied for a writ of habeas corpus on the ground that the Adult Authority improperly refused him credit on his prison term for time spent in jail. The allegations of his petition and the Summary of Sentence Data prepared by the Department of Corrections showed that contrary to *In re Patton,* 225 Cal.App.2d 83, 87 [36 Cal.Rptr. 864], he was not credited for time served under a misdemeanor sentence that ran concurrently with his prison sentence and that contrary to *Aguilera* v. *California Dept. of Corrections,* 247 Cal.App.2d 150, 153 [55 Cal.Rptr. 292], he was not credited for time in jail under the restraint of Adult Authority orders. The alleged facts also gave rise to the question, expressly left open in *Aguilera,* whether a prisoner jailed under an Adult Authority order suspending or cancelling his parole and directing his return to prison can be denied credit for his time in jail on the theory that he was returned to prison without unreasonable delay.

We issued an order to show cause. Respondent warden filed his return showing that petitioner has now been credited with the disputed periods of jail time. Although the issuance of our order to show cause has resulted in this petitioner's receiving the relief he applied for, we deem it appropriate in our supervision of the administration of criminal justice to decide the questions he presented. Petitions for habeas corpus filed by other prisoners indicate that sentences are still being computed contrary to the holdings of *Patton* and *Aguilera,* and the question expressly undecided by *Aguilera* is a recurring problem important to other prisoners and the Adult Authority. (See *D. I. Chadbourne, Inc.* v. *Superior Court,* 60 Cal.2d 723, 731, fn. 5 [36 Cal.Rptr. 468, 388 P.2d 700] ; *County of Madera* v. *Gendron,* 59 Cal.2d 798, 804 [31 Cal.Rptr. 302, 382 P.2d 342, 6 A.L.R.3d 555] ; *Di Giorgio Fruit Corp.* v. *Department of Employment,* 56 Cal.2d 54, 58 [13 Cal.Rptr. 663, 362 P.2d 487] ; *In re Newbern,* 55 Cal.2d 500, 505 [11 Cal.Rptr. 547, 360 P.2d 43] ; *American Civil Liberties Union* v. *Board of Education,* 55 Cal.2d 167, 181 [10 Cal.Rptr. 647, 359 P.2d 45, 94 A.L.R.2d 1259].)

Petitioner is serving a prison sentence for second degree burglary (maximum term 15 years; Pen. Code, § 461) that began September 5, 1958. In 1961 the Adult Authority released him on parole. On April 12, 1962, it cancelled his parole and ordered his return to prison. For seven days, until

his return to prison on April 19, he was held in jail as a parole violator ordered returned to prison.

In 1963 petitioner was again paroled. On September 3, 1965, the Adult Authority suspended his parole and ordered his return to prison. He was at large for four days after the making of the order of September 3. From September 7, 1965, until March 10, 1966, he was in jail as a parole violator. Also during this time, under the name Howard Emerson Ellwood, he was tried for and convicted of possessing narcotics, granted probation, and from December 1, 1965, to March 1, 1966, was held in jail as a condition of probation as well as under the order of the Adult Authority. On March 10 he was removed from jail to state prison.

In May 1966 petitioner was again paroled. In October 1966, under the name Howard Emerson Ellwood, he was convicted of attempted burglary and sentenced to one year in the county jail. On December 28, 1966, while he was serving this jail sentence, the Adult Authority cancelled his parole and ordered his return to prison. On March 16, 1967, he was returned to prison.

At the time petitioner applied for habeas corpus the Adult Authority had computed all the time he spent in jail as "at large" time not credited on his 1958 sentence. Penal Code section 3064 provides that "From and after the suspension or revocation of the parole of any prisoner and until his return to custody he shall be deemed an escape and fugitive from justice and no part of the time during which he is an escape and fugitive from justice shall be part of his term." Although section 3064 refers to a prisoner's return to custody, not his return to state prison, we recently stated in summary of the substance of the statute that "the time between a valid order of suspension and his actual return to state prison is not credited to his term." (*In re Hall*, 63 Cal.2d 115, 117 [45 Cal.Rptr. 133. 403 P.2d 389].) Moreover, in *In re Payton*, 28 Cal.2d 194, 196 [169 P.2d 361], we held that "the petitioner was a fugitive from justice" and not entitled to credit on his prison term for 35 days from the date of an order suspending parole and directing that he be arrested and retained in custody to the date of his actual return to prison. *In re Payton* mistakenly classified the petitioner as a fugitive during the entire 35-day period at issue despite the fact that during at least part of that period he was in jail both pursuant to the order suspending parole and under a misdemeanor sentence.

■ For the reasons stated in *Aguilera, supra,* 247 Cal. App.2d 150, we now hold that in computing time served the Adult Authority cannot disregard or add to the prison term time spent in actual custody in jail under its own orders suspending, cancelling, or revoking parole. (Accord, *In re Clark,* 254 Cal.App.2d 1 [61 Cal.Rptr. 902].) A man jailed under such an order cannot be "deemed an escape and fugitive" from the very body that is restraining him. The contrary holding in *In re Payton, supra,* 28 Cal.2d 194, 196, is overruled and the contrary implication in *In re Hall, supra,* 63 Cal.2d 115, 117, is disapproved.

The reasoning of *Aguilera* applies equally to time spent in jail under an Adult Authority order while that body is determining whether a prisoner should be reinstated on parole and to time spent in jail under such an order after the Adult Authority has decided to return him to state prison and is arranging to transport him there.

■ We further hold in accord with *In re Patton, supra,* 225 Cal.App.2d 83, 85, 87, that the Adult Authority must credit petitioner for the time served in jail under the 1966 misdemeanor sentence that was silent as to, and therefore concurrent with, his prison sentence. (Pen. Code, § 669.) During the first part of that sentence, from its inception in October 1966 until the Adult Authority's cancellation order of December 28, 1966, petitioner was still on parole and therefore entitled to credit for that time. (See *Ex parte Casey,* 160 Cal. 357, 358 [116 P. 1104].) When the Adult Authority cancelled his parole, he did not become a fictional fugitive; he is entitled to credit for the jail time served from December 28, 1966, to March 17, 1967, both for the reasons stated in *Patton* and for the reasons stated in *Aguilera.*

Since the Adult Authority's records will disclose whether prisoners were in fact at large or whether they were in actual custody outside a prison pursuant to orders suspending or cancelling parole, questions of credit for time in jail like those raised here can be settled by the Adult Authority without requiring prisoners to resort to the courts to obtain correction of the computations of their sentences. (Cf. *In re Portwood,* 236 Cal.App.2d 321, 324 [45 Cal.Rptr. 862].)

The order to show cause is discharged and the petition for habeas corpus is dismissed.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.