[Crim. No. 6739.   First Dist., Div. Four.   Dec. 7, 1967.]

In re JEWELL C. BEASLEY on Habeas Corpus.

Joseph W. Cotchett, under appointment by the Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, Robert R. Granucci and William D. Stein, Deputy Attorneys General, for Respondent.

DEVINE, P. J.—Petitioner seeks release from the state prison by means of habeas corpus. His point is that when the Adult Authority purportedly refixed his sentence at maximum (which is life imprisonment, his conviction having been for first degree robbery) on August 10, 1962, his term had expired; wherefore, the Authority was without power to act as it did.

Petitioner was received in state prison on the robbery charge on July 17, 1949. His term was fixed at 5½ years. He was paroled, but parole was revoked and return to prison was ordered on May 15, 1953. On this date, petitioner was incarcerated in the Orange County jail, because he had been convicted on April 29, 1953, of violation of Penal Code section 311 (indecent exposure). Actual return to the state prison was made on June 3, 1953. Petitioner was charged with 19 days' "bad time," although he was not at large but was held by order of the Adult Authority for return to prison.

On September 1, 1955, petitioner's term was refixed at nine years. The expiration date was computed as August 5, 1958. Had not the 19 days been added to the term, he would have been entitled to release on July 16, 1958.

Petitioner was paroled again on December 5, 1955. On July 10, 1957, the Adult Authority suspended parole and ordered his return to prison upon his arrest for an assault on his wife. He was charged with eight days' "bad time" between the suspension and his return to prison. On April 18, 1960, his term was fixed at 13 years. The period of 13 years from July 17, 1949, would end on July 16, 1962. But, by adding the 27 days' "bad time," the term was computed as ending on August 13, 1962.

On August 10, 1962, the Adult Authority purported to refix the term at life imprisonment. When it acted, the term, except if the 27 days be added, had expired. Petitioner had been on parole again, had been convicted of violating Penal Code sec-

tion 647a, subdivision (1) (annoying and molesting children), and had been committed to Atascadero State Hospital as a sexual psychopath on December 1, 1961. During his stay there, his parole officer had written several reports recommending that his progress at Atascadero be determined before action were taken on his parole. But parole was revoked and term refixed on August 10, 1962, a few days before what the Adult Authority conceived to be the expiration of petitioner's term.

It is firmly established that the Adult Authority cannot add to the prison term time spent in actual custody in jail under its own orders suspending, cancelling, or revoking parole. (*In re Fluery,* 67 Cal.2d 600, 603 [63 Cal.Rptr. 298, 432 P.2d 986]; *In re Clark,* 254 Cal.App.2d 1 [61 Cal. Rptr. 902]; *Aguilera v. California Dept. of Corrections,* 247 Cal.App.2d 150 [55 Cal.Rptr. 292].) But the case before us presents a question which was not expressly decided in those just cited. (In *Fluery,* the question probably would have been resolved had not Fluery, as shown by the return to the order to show cause, been serving a wholly independent new sentence.) The question is whether the time spent in such custody under an Adult Authority order must be recognized, not merely as applying to a sentence currently being served, but also as applying towards a sentence which was "completed," under the *Aguilera* rule, some years before the rule was announced by *Aguilera* in December 1966. Respondents are willing to credit Beasley with 27 days (and have done so) on his present "sentence," the tentative expiration date of which is in 1970. But petitioner contends that his present "sentence" is void because it was "refixed" after expiration of his term.

We hold with petitioner. Section 2940 of the Penal Code requires that a prisoner be discharged on completion of his term as fixed or refixed. The Adult Authority has power to redetermine sentences. (Pen. Code, § 3020.) But this must be within the sentence as fixed or refixed. Revival of a completed term by later action of the Adult Authority is impossible. (*In re Shull,* 23 Cal.2d 745, 753 [146 P.2d 417].)

Respondents' arguments are not convincing. It is pointed out that the Adult Authority could have and would have revoked petitioner's parole and refixed his sentence within the term in 1962 if it were then known that the rule later set forth in *Fluery, Aguilera* and *Clark* would prevail. It is argued that the law was otherwise under *In re Payton,* 28 Cal.2d 194 [169 P.2d 361], when the 1962 action was taken. But *Payton* was overruled in *In re Fluery, supra,* 67 Cal.2d

600, 603, and it was said that *In re Payton* *mistakenly* classified the petitioner as a fugitive while he was in custody pursuant to an order suspending parole and under a misdemeanor sentence. The defunct sentence in the instant case could not be revived by the belated action which was mistakenly thought to be timely for its extension. The fact that the mistake was induced by reliance on then prevailing judicial decisions does no more than explain the error. It is ineffective to enlarge a sentence beyond its previously determined conclusion.

Respondents argue that when petitioner accepted parole he knew that the Adult Authority had determined that his term would expire on August 13, 1962, and by accepting parole he consented to the term and conditions thereof. This is not sustainable by facts or law. As to the facts, there is no showing that petitioner knew that the calculation made by prison officials had carried his term, then fixed at 13 years, some 27 days beyond that period. As to the law, respondents cite *In re Kimler,* 37 Cal.2d 568, 575 [233 P.2d 902], wherein a parolee who had agreed to report to an Illinois parole officer was held bound to this condition; and *People* v. *Denne,* 141 Cal.App.2d 499, 510 [297 P.2d 451], wherein it is held that a parolee accepts broad supervisory and visitorial powers until his term shall have expired or been terminated. Neither of these cases holds that a parolee accepts the term even though it be an erroneously protracted one. Independently of the cases, which do not sustain the proposition, we do not find the proposition itself acceptable.

Nor do we find a true analogy of this case with those relating to escape, wherein a prisoner who is held under a voidable sentence, but one which exhibits the color of authority, may be convicted of escape if he attempts to set things right by flight. (*People* v. *Scherbing,* 93 Cal.App.2d 736, 743 [209 P.2d 796].) The reason for this rule is that a contrary one would create chaos in a prison (p. 743). Petitioner has used the orderly process of the law.

The writ is granted and the petitioner is ordered released from custody forthwith.

Rattigan, J., and Christian, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 31, 1968.