**Joseph James HAYES, Petitioner,**

v.

**H. V. FIELD, Superintendent, Respondent.**

No. 68–1721.

United States District Court
C. D. California.

April 7, 1969.

———◆———

Joseph James Hayes, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Larry Ball, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

HAUK, District Judge.

Petitioner is a California state prisoner who is presently incarcerated on the basis of a parole revocation order issued on December 18, 1963. Petitioner was convicted of the offenses of first degree robbery and kidnapping on May 20, 1958, and was imprisoned for the term prescribed by law, both sentences to run concurrently. In August 1963, the California Adult Authority set petitioner's term of imprisonment at eight years (5 years and 3 months of imprisonment and 2 years and 9 months of parole) pursuant to the authority of Cal. Penal Code § 3020. Petitioner was released on parole on October 7, 1963; and on December 18, 1963 this parole was revoked and petitioner's sentence was refixed at the maximum term under law.

Petitioner's only contention is that the California Adult Authority was without authority to refix his sentence at the maximum term provided by law once it had initially set the term.

This Court has reviewed the Petition for Writ of Habeas Corpus, the Response, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons:

Petitioner contends that California Penal Code § 3020, when considered in conjunction with California Penal Code § 2940, does not permit the redetermination of, and addition of time to, a term of imprisonment that has been once set. This contention is erroneous and clearly without merit. Section 3020 of the California Penal Code provides as follows:

"In the case of all persons heretofore or hereafter sentenced under the provisions of Section 1168 of this code, the Adult Authority may determine and redetermine, * * * after the actual commencement of imprisonment, what length of time, if any,

**310**

such person shall be imprisoned, unless the sentence be sooner terminated by commutation or pardon by the Governor of the State." * * *

Section 2940 of the California Penal Code provides as follows:

"Where the Adult Authority is authorized to *fix and refix* the term of imprisonment of a prisoner, such prisoner shall be discharged from custody upon the completion of said term *so fixed or refixed* * * *." (Emphasis added)

Since Cal. Penal Code § 2940 recognizes that sentences may be "fixed and refixed" it is clear that a sentence, once fixed, could be refixed and the term of imprisonment lengthened for any amount of time up to the maximum prescribed by law.

■■ The basic premise of petitioner's argument—that his sentences for the robbery and kidnapping convictions were permanently determined at eight years—is incorrect. As Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967) teaches,

"* * * all indeterminate sentences are for the maximum, and any determination by the Adult Authority is only tentative."

When the Adult Authority reduces a maximum sentence, its action is only tentative and may be changed whenever good cause is shown. Petitioner has no vested right to have the term of imprisonment which he is serving fixed or remain fixed at less than the maximum term prescribed by law. In Re Smith, 33 Cal.2d 797, 804, 205 P.2d 662 (1949).

Petitioner cites In Re Beasley, 256 Cal.App.2d 721, 64 Cal.Rptr. 540 (1967) to support his contention, but that case is clearly distinguishable from the case at bar since in *Beasley* the originally set term had already expired when the Adult Authority reset the sentence. The principle of the *Beasley* case is stated as follows:

"Section 2940 of the Penal Code requires that a prisoner be discharged on completion of his term as fixed or

refixed. The Adult Authority has power to redetermine sentences. (Pen.Code, § 3020.) But this must be within the sentence as fixed or refixed. Revival of a completed term by later action of the Adult Authority is impossible." In Re Beasley, *supra*, 256 Cal.App.2d at 723, 64 Cal.Rptr. at 541.

In the instant case, the redetermination of petitioner's sentence was well within the originally set term, which would have lasted until 1966. The parole was revoked, and the sentence was reset on December 18, 1963. Thus it is clear that neither the *Beasley* rationale nor the statutory language compel us to cause the issuance of a writ of habeas corpus.

For the foregoing reasons, and it clearly appearing that an evidentiary hearing is not required, this Court finds that petitioner is not entitled to any relief.

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.