**John Donald PERKINS, Plaintiff-Appellant,**

v.

**Walter E. CRAVEN, Warden, Defendant-Appellee.**

**No. 72–1288.**

United States Court of Appeals,
Ninth Circuit.

Nov. 15, 1972.

**660**

Frederic S. Baker, San Francisco, Cal., for plainiff-appellant.

Evelle J. Younger, Atty. Gen., Arnold O. Overoye, Nelson P. Kempsky, Deputy Attys. Gen., Sacramento, Cal., for defendant-appellee.

Before MERRILL, CARTER and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant appeals from a denial of request to proceed in *forma pauperis* with a petition for a writ of habeas corpus, 28 U.S.C. 2241. The sole question presented is a challenge to the California system, through its Adult Authority, of fixing the length of state court indeterminate sentences.

On May 4, 1959, upon his plea of guilty to burglary, appellant was sentenced to state prison for the term prescribed by law. On July 18, 1960, his term was fixed at four years by the California Adult Authority. He was granted two years on parole and was released on parole on October 2, 1961. On November 30, 1961, parole was suspended and the term refixed at maximum. On March 8, 1962, in another case, appellant was sentenced to state prison for the term prescribed by law, consecutive to his prior term, upon his plea of guilty to possession of marijuana. On March 20, 1962, he was returned to prison and on June 19, 1962, his parole was revoked. On March 24, 1965, appellant's term on the burglary conviction was refixed at four years and his term on the marijuana conviction was fixed at four years, consecutive to the prior term. He was granted two years, three months on parole and was released on parole on June 9, 1965. On February 4, 1966, appellant's parole was cancelled and both terms refixed at maximum. On September 8, 1967, this action was reaffirmed and on July 21, 1970, appellant was returned to prison. On September 17, 1970, parole was revoked at a hearing at which appellant appeared.

Although not pertinent to this appeal it should be noted that appellant on April 4, 1972, was granted parole, subject to approval of a parole plan.

Under California law, a "prisoner confined under consecutive sentences must be regarded as undergoing a single, continuous term of confinement rather than a series of distinct, independent terms." In re Cowen, 27 Cal.2d 637, 643, 166 P.2d 279, 282 (1946), cert. den. 329 U.S. 742, 67 S.Ct. 43, 91 L.Ed. 644 (1944). *See*, In re Costello, 262 F.2d 214 (9 Cir. 1958), approving this interpretation.

Under California law, when a prisoner receives an indeterminate sentence, as in this case, the setting of the term by the California Adult Authority at something less than the maximum is only tentative, and may be increased. In re Smith, 33 Cal.2d 797, 205 P.2d 662 (1949). *See,* Lincoln v. California Adult Authority, 435 F.2d 133 (9 Cir. 1970), approving this interpretation.

It is true that under California law, once a single term of confinement has expired, it may not be redetermined. In re Shull, 23 Cal.2d 745, 146 P.2d 417 (1944); In re Beasley, 256 Cal.App.2d 721; 64 Cal.Rptr. 540 (1967).

Here, appellant was first sentenced in May 1959. Appellant's term was fixed on July 18, 1960, at four years by the California Adult Authority and thereafter granted two years on parole and released on October 2, 1961. Parole was suspended on November 30, 1961, and the term refixed at the maximum. On

the date of November 30, 1961, he was still serving the four year sentence previously fixed, but was serving a portion of it on parole. Accordingly, that sentence had not expired and the Authority had the right, on suspension of parole, to refix his term at the maximum.

The judgment is affirmed.