[Crim. No. 18488. In Bank. Dec. 18, 1975.]

In re LEONARD AUSTIN WALTERS on Habeas Corpus.

COUNSEL

Richard E. Erwin, Public Defender, for Petitioner.

Fred Okrand, Joe Remcho and Ephraim Margolin as Amici Curiae on behalf of Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Russell Iungerich and Shunji Asari, Deputy Attorneys General, C. Stanley Trom, District Attorney, and Robert J. Bayer, Deputy District Attorney, for Respondents.

OPINION

**WRIGHT, C. J.**—Petitioner Leonard Austin Walters seeks a writ of habeas corpus claiming that the absence of a judicial determination of probable cause for his detention following a warrantless arrest for a misdemeanor renders that detention constitutionally impermissible. (U.S. Const., 4th Amend.; Cal. Const., art. I, §§ 7, 13.) In light of the recent United States Supreme Court decision in *Gerstein* v. *Pugh* (1975) 420 U.S. 103 [43 L.Ed.2d 54, 95 S.Ct. 854] we agree with petitioner and hold that a judicial determination of probable cause to hold an arrestee

for trial on a misdemeanor charge must be made if the arrestee requests that determination, unless pending trial he is released on his own recognizance.[1] We will set forth herein pretrial procedural guidelines which in our view satisfy constitutional requirements for such a judicial determination of probable cause to detain for trial those arrested on misdemeanor charges.[2]

On February 15, 1975, petitioner was arrested without a warrant by a deputy sheriff on misdemeanor charges of possession of marijuana (Health & Saf. Code, § 11357) and being under the influence of an intoxicating liquor or drug (Pen. Code, § 647, subd. (f)). A complaint charging the two offenses was filed on February 19, 1975, which stated the charges by reciting the language of the relevant code sections. The complaint did not include on its face facts purporting to support the conclusionary statement of the charges. It was signed by a person who did not have personal knowledge of the allegations therein set forth.

Petitioner was arraigned on February 19, pleaded not guilty, and a trial date was set. Bail was fixed at $500. Petitioner requested a preliminary hearing to determine the existence of probable cause for his detention. Defense counsel expressly relied on the *Gerstein* decision, decided by the United States Supreme Court one day earlier, and stated that "the court, in misdemeanor cases, cannot hold someone for trial or hold them in custody without having some type of a hearing to determine probable cause for the arrest." Understandably, neither the judge nor counsel was fully aware of the nature of the hearing necessary on the issue of probable cause. The judge nevertheless ruled, on the basis of the police reports of petitioner's arrest, that there was probable cause to believe "the crime charged was committed and [that petitioner] committed it. . . ."

### *Applicability of Gerstein Decision to Instant Case*

Petitioner is no longer in pretrial detention and his request for a writ of habeas corpus has thus been rendered moot. However, since the case

[1] As will appear, an arrestee who is released on bail is not thereafter entitled to a probable cause hearing. However, when not released on his own recognizance and after bail has been fixed, an arrestee is entitled to have the question of probable cause determined prior to being put to the election of posting bail.

[2] The procedural requirements set forth in this opinion are also applicable to individuals charged with infractions or lesser offenses (Pen. Code, § 19c) who are arrested and detained in pretrial custody (Pen. Code, § 19d). Since the instant case involves a defendant accused of a misdemeanor, the procedures discussed herein will be framed in terms of misdemeanor proceedings. (See, however, fn. 8, *post.*)

presents an issue of statewide importance affecting generally the rights of all persons charged with misdemeanors who are detained in custody, it is argued that we "may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M.* (1970) 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737].)

■ Where questions of general public concern are involved, particularly in the area of the supervision of the administration of criminal justice, we may reject mootness as a bar to a decision on the merits. (See *In re Fluery* (1967) 67 Cal.2d 600, 601 [63 Cal.Rptr. 298, 432 P.2d 986]; *In re Newbern* (1961) 55 Cal.2d 500, 505 [11 Cal.Rptr. 547, 360 P.2d 43].) Furthermore, habeas corpus is an appropriate procedure for disposing of the present case since it can be used by petitioner to obtain a declaration of rights in the prevailing circumstances.[3] (*In re Harrell* (1970) 2 Cal.3d 675, 682, 706 [87 Cal.Rptr. 504, 470 P.2d 640]; *In re Fluery, supra,* 67 Cal.2d 600, 601; *In re Gonsalves* (1957) 48 Cal.2d 638, 639 [311 P.2d 483]; Witkin, Cal. Criminal Procedure (1963) §§ 789-790, at pp. 762-764; *id.* (1973 Supp.) § 790, at pp. 604-606.) While this court would have undoubtedly been presented with other habeas corpus petitions seeking to resolve the questions presented herein (cf. *In re William M., supra,* 3 Cal.3d at p. 25), each case would have in turn become moot before we could have acted upon it since the pretrial detention would necessarily have ended. (See Pen. Code, § 1382, subd. 3.) Consequently, we consider petitioner's case an appropriate vehicle for articulating pretrial procedures in misdemeanor cases which must conform with *Gerstein.*[4]

[3]The case at bar is framed as a class action. The People contend that since petitioner's hearing satisfied *Gerstein*'s constitutional requirements he does not share a community of interest with the would-be class members and cannot represent them. (See Code Civ. Proc., § 382; *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 704 [63 Cal.Rptr. 724, 433 P.2d 732]; *Bozaich* v. *State of California* (1973) 32 Cal.App.3d 688, 694 [108 Cal.Rptr. 392].) Furthermore, the People assert the rights of each class member are dependent upon the particular facts of each case, thereby precluding the existence of an ascertainable class required for a class action. (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 459-460 [115 Cal.Rptr. 797, 525 P.2d 701]; *Daar* v. *Yellow Cab Co., supra,* 67 Cal.2d 695, 704; *Weaver* v. *Pasadena Tournament of Roses* (1948) 32 Cal.2d 833, 838-840, 842-843 [198 P.2d 514].)

We need not decide if the present case is properly before us as a class action. We conclude for reasons which follow that, irrespective of mootness, this habeas corpus petition is an acceptable vehicle for a general declaration of the procedural rights of individuals detained for the alleged commission of misdemeanors and who have not been arraigned as of the date this opinion becomes final (see fn. 4, *post*). Accordingly, we find it unnecessary to scrutinize the pleadings to determine if there has been compliance with the statutory and case law requirements for a class action.

[4]Our decision in the present case will act as a declaration of the rights of all persons detained for the alleged commission of a misdemeanor as well as others detained for

*Analysis of Gerstein Decision*

In *Gerstein* the United States Supreme Court reviewed the constitutionality of a pretrial detention following an arrest pursuant to a prosecutor's information when there was no judicial determination of probable cause for pretrial restraint of liberty. That case, which arose in the State of Florida, involved the arrest of one defendant on charges of robbery and of carrying a concealed weapon and of a second defendant on charges of breaking and entering and of assault and battery. The opinion does not indicate that there was an arrest warrant for either defendant. Bail was denied for both defendants.

Under Florida procedures these offenses could be charged by information without a preliminary hearing. Furthermore, once an information was filed, the Florida courts had construed the applicable statute to mean that "the filing of an information foreclosed the suspect's right to a preliminary hearing." (*Gerstein* v. *Pugh, supra,* 420 U.S. 103, 106 [43 L.Ed.2d 54, 60].) A judicial determination of probable cause could only be obtained under a "special statute allowing a preliminary hearing after 30 days . . . and arraignment, which the District Court found was often delayed a month or more after arrest. [Citation.] As a result, a person charged by information could be detained for a substantial period solely on the decision of a prosecutor." (*Id.* [L.Ed.2d pp. 60-61].)

The Supreme Court noted initially that the standards and procedures for arrest *and* detention are derived from the Fourth Amendment and that the "standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.' [Citations.] This standard, like those for searches and seizures, represents a necessary accommodation between the individual's right to liberty and the State's duty to control crime. . . . To implement the Fourth Amendment's protection against unfounded invasions of liberty and privacy, the Court has required that the existence of probable cause be decided by a neutral

---

infractions or violations as of the date this opinion becomes final. It is inappropriate to grant relief retroactively to persons who were detained for trial without probable cause hearings but who have now been released or who have had a probable cause hearing or its equivalent since the individuals are no longer being deprived of liberty in a manner prohibited by *Gerstein*'s interpretation of Fourth Amendment requirements. We do not, of course, purport to suspend the applicability of *Gerstein* in any case wherein there is an on-going denial of a *Gerstein* hearing. Any person presently detained who has not been afforded a probable cause determination must, on demand, be either afforded such a determination or be released.

and detached magistrate whenever possible." (*Gerstein* v. *Pugh, supra,* 420 U.S. 103, 111-112 [43 L.Ed.2d 54, 64].)

The high court held that although warrantless arrests are often necessary, "[o]nce the suspect is in custody . . . the reasons that justify dispensing with the magistrate's neutral judgment evaporate. There no longer is any danger that the suspect will escape or commit further crimes while the police submit their evidence to a magistrate. And, while the State's reasons for taking summary action subside, the suspect's need for a neutral determination of probable cause increases significantly. The consequences of prolonged detention may be more serious than the interference occasioned by arrest. Pretrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships. [Citation.] Even pretrial release may be accompanied by burdensome conditions that effect a significant restraint of liberty. [Citation.] When the stakes are this high, the detached judgment of a neutral magistrate is essential if the Fourth Amendment is to furnish meaningful protections from unfounded interference with liberty. Accordingly, we hold that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." (*Id.,* at p. 114 [L.Ed.2d at p. 65].)

Noting that state systems of criminal procedure vary widely and that flexibility in those systems is desirable, the court held that adversary safeguards generally were "not essential for the probable cause determination required by the Fourth Amendment." (*Id.,* at p. 120 [L.Ed.2d at p. 69].) It stated that the standard for determining probable cause to detain "is the same as that for arrest . . . —probable cause to believe the suspect has committed the crime—traditionally . . . decided by a magistrate in a nonadversary proceeding on hearsay and written testimony. . . ." *(Id.)* Such informal procedures were deemed to be "justified not only by the lesser consequences of a probable cause determination but also by the nature of the determination itself. It does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the evidence supports a reasonable belief in guilt." (*Id.,* at p. 121 [L.Ed.2d p. 69].) The court held that although the confrontation and cross-examination of witnesses might improve the reliability of a probable cause determination, such formalities were not constitutionally required. The court further stated that "[b]ecause of its limited function and its nonadver-

sary character, the probable cause determination is not a 'critical stage' in the prosecution that would require appointed counsel." *(Id.,* at p. 122 [L.Ed.2d at p. 70].)

*Gerstein* concluded by acknowledging the rights of the states to adopt flexible procedures which could encompass any or all of the safeguards which are not constitutionally compelled and stated, "[w]hatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." *(Id.,* at pp. 124-125 [43 L.Ed.2d at pp. 71-72].) In an accompanying footnote, the court remarked, "[w]e cannot define specifically those [restraints on liberty] that would require a prior probable cause determination, but the key factor is significant restraint of liberty." *(Id.,* at p. 125, fn. 26 [L.Ed.2d at p. 72].)

### California Pretrial Procedures

California procedures governing the pretrial detention of those charged with misdemeanors who are arrested with or without a warrant (cf. *People* v. *Sesslin* (1968) 68 Cal.2d 418 [67 Cal.Rptr. 409, 439 P.2d 321]) do not presently comport with our implementation of the constitutional requirements of *Gerstein* since the defendant is not afforded a post-arrest judicial determination that probable cause exists for his continued detention. ■ Accordingly, for reasons which follow, we hold that, unless waived, a judicial determination of probable cause is required in every case where a defendant charged with a misdemeanor is detained awaiting trial.

A police officer may lawfully arrest a person without a warrant if such a person has committed a public offense in the officer's presence or if the officer has reasonable cause to believe that the person arrested has committed a felony. (Pen. Code, § 836.) Of course, a person charged with the commission of a misdemeanor may also be arrested pursuant to a warrant. *(Id.)* The arrest warrant may be issued by a municipal or justice court judge when a complaint is filed charging a public offense that is originally triable in the superior court, municipal court, or justice court of the county in which such judge sits. (Pen. Code, § 1427.) The arrest warrant may also issue if the complaint shows that the defendant is in the magistrate's county even though the offense charged is originally triable in another county. (Pen. Code, §§ 827, 829.)

The magistrate or judge must issue the warrant if satisfied from the complaint "that the offense complained of has been committed and that there is reasonable ground to believe that the defendant has committed it. . . ." (Pen. Code, § 1427, subd. (a); see also Pen. Code, §§ 813, 827, 829.) ■ In making this determination, an affidavit supporting the warrant, or the complaint itself, "must recite competent facts that would lead a man of ordinary caution and prudence conscientiously to entertain a strong suspicion of the guilt of the accused." (*People* v. *Cressey* (1970) 2 Cal.3d 836, 842 [87 Cal.Rptr. 699, 471 P.2d 19].) The information in the complaint or affidavit in support thereof must either (1) state facts within the personal knowledge of the affiant or complainant directly supportive of allegations in the complaint that the defendant committed the offense; or (2) when such stated facts are not within the personal knowledge of the affiant or complainant, further state facts relating to the identity and credibility of the source of the directly incriminating information. (*Jaben* v. *United States* (1965) 381 U.S. 214 [14 L.Ed.2d 345, 85 S.Ct. 1365]; *Aguilar* v. *Texas* (1964) 378 U.S. 108 [12 L.Ed.2d 723, 84 S.Ct. 1509]; *Giordenello* v. *United States* (1958) 357 U.S. 480 [2 L.Ed.2d 1503, 78 S.Ct. 1425]; *People* v. *Sesslin, supra,* 68 Cal.2d 418, 424.) ■ If the arrest warrant is based solely upon a complaint or affidavit framed in terms of "information and belief" rather than upon the affiant's personal knowledge, or solely upon a complaint that is phrased in the statutory language, the warrant may be constitutionally inadequate if sufficient allegations of probable cause are not otherwise present. (*People* v. *Sesslin, supra,* 68 Cal.2d 418, 424-425.) Consequently, since such documents alone may not sustain a finding of probable cause for arrest and issuance of a warrant, they will not sustain a finding of probable cause to hold the defendant for trial in the event that the warrant is nonetheless issued. In such event, however, probable cause to detain might be grounded on such documents, if augmented by other sufficient evidence at a proper hearing.

After a misdemeanor arrest with or without a warrant, current procedures do not provide for a judicial determination of the legality of the detention. Ordinarily, if the arrestee is not immediately released (see Pen. Code, §§ 849, 851.6) he must be brought before a magistrate within two days (Pen. Code, § 825) and at that arraignment shall be admitted to bail. (Pen. Code, §§ 815a, 823, 849.)

In the instant case, four days after petitioner's warrantless arrest, a misdemeanor complaint was filed which recited the charges in the statutory language. There was no affidavit stating facts supporting the

complaint and the complaint was signed by a person who did not have personal knowledge of the allegations. Petitioner was thereafter arraigned; bail was set; a not guilty plea was entered; and petitioner's request for a determination of probable cause for his detention was entertained.

These circumstances present precisely that situation with which *Gerstein* was concerned: a significant pretrial restraint of liberty without procedures for a reliable determination of probable cause for that restraint. Clearly petitioner was entitled to demand such determination when he first appeared before the magistrate.

A more difficult question is presented, however, in the case of a misdemeanor suspect arrested on a warrant. An arrest warrant cannot properly issue under our procedures except in compliance with Fourth Amendment requirements. (*People* v. *Sesslin, supra,* 68 Cal.2d 418, 425-426.) As noted, *Gerstein* requires neither an adversary nor a post-arrest hearing. It requires only "a fair and reliable determination of probable cause" to "be made by a judicial officer either before or promptly after arrest." (*Gerstein* v. *Pugh, supra,* 420 U.S. 103, 124-125 [43 L.Ed.2d 54, 71-72].) It thus appears that when a magistrate has determined the existence of probable cause for arrest, even in an informal ex parte proceeding before arrest, *Gerstein* has been satisfied.

A difficulty is immediately apparent, however, in that after his arrest a defendant is not afforded an opportunity to challenge in the criminal proceedings the propriety of the determination of probable cause for issuance of the warrant. If we do not afford him the opportunity to make that challenge then we would, in actuality, give conclusive effect to the propriety of all arrest warrants merely because the warrant issued. We elect not to approve a procedure for determining compliance with a constitutional mandate when that procedure is vulnerable to attack on grounds which suggest the possibility of a type of star-chamber determination, particularly when the alternative poses little additional burden on the administration of justice.[5]

---

[5]A misdemeanor suspect arrested on a defective warrant is entitled to challenge his detention by collateral attack by habeas corpus, of course. Although such an attack would afford him an opportunity to litigate the same *Gerstein* issue, it would necessitate a new proceeding, would require new pleadings by both the defendant and the People, would require new appearances and additional court time. The additional burden imposed on both the defendant and the People by requiring that the defendant resort to collateral attack to challenge the propriety of the magistrate's determination of probable cause for arrest and detention, reinforces our conclusion to provide for a *Gerstein* hearing even in those instances when a misdemeanor suspect is arrested on warrant.

■ Since *Gerstein* affords the states wide latitude in implementing its mandate, we choose to apply its probable cause determination to all misdemeanor post-arrest detentions when the defendant is not released prior to arraignment or at the time of arraignment, and does not waive the probable cause determination. This application is consistent with *Gerstein*'s statement that, "[b]ecause the probable cause determination is not a constitutional prerequisite to the charging decision, *it is required only for those suspects who suffer restraints on liberty .other than the condition that they appear for trial.*" (*Id.,* at p. 125, fn. 26 [L.Ed.2d at p. 72]; italics added.) The mere fixing of bail does not satisfy *Gerstein,* of course. As the posting of bail may impose an unwarranted burden on an accused if probable cause to detain is lacking, the accused is entitled to have that determination made prior to electing to post or not to post bail.

### Structure of Pretrial Procedures
### Required by the Fourth Amendment

■ We next consider the structure a *Gerstein* probable cause hearing should take. First, the determination of probable cause is to be made a matter of record at the time of arraignment or bail setting which usually takes place simultaneously within two days after a misdemeanor suspect's arrest (Pen. Code, §§ 822, 825) unless bail is posted earlier in accordance with the warrant for arrest, if any, an order fixing bail, if any, or statutory schedules (Pen. Code, § 1269b). Although we consider arraignment to be the most appropriate stage of the proceedings at which to make a judicial determination of probable cause that the defendant is being properly detained, the parties may stipulate to a later determination or, for good cause, the court may continue the determination on defendant's motion therefor. However, it is incumbent upon the defendant to move the court to make or to continue the determination. His failure to do so at the time of arraignment, with notice of his right thereto, will be deemed to constitute a waiver of that right.

A defendant has a right to counsel at all stages of criminal proceedings (Cal. Const., art. I, § 15; Pen. Code, §§ 858, 859; *In re Johnson* (1965) 62 Cal.2d 325, 329 [42 Cal.Rptr. 228, 398 P.2d 420]) and, if he is so represented, counsel would normally appear in a defendant's behalf during the probable cause determination although *Gerstein* does not compel such representation. (*Gerstein* v. *Pugh, supra,* 420 U.S. 103, 122 [43 L.Ed.2d 54, 70].)

Probable cause for continued detention may be established in a variety of ways, some of which we now acknowledge without intending to exclude others which satisfy the fundamental requirements of this and the *Gerstein* decisions. ■ When a defendant charged with a misdemeanor is arrested pursuant to a warrant, the probable cause finding may be made solely upon an examination of the complaint, arrest warrant and supporting affidavit. From the face of these documents, the court may make a determination that the warrant was issued by a magistrate upon an affidavit or complaint stating specific factual circumstances justifying a determination of probable cause for arrest within the meaning of *People* v. *Cressey, supra,* 2 Cal.3d 836 and *People* v. *Sesslin, supra,* 68 Cal.2d 418. If so, the court must further conclude that there is probable cause to believe that a crime has been committed, that the defendant has committed it, and that the defendant's continued detention is lawful.[6]

■ When a defendant is arrested without a warrant *or* when the warrant and supporting documents do not on their face properly establish probable cause for pretrial detention, the judge may make his determination upon a sworn complaint which incorporates by reference other factual materials which, together with the complaint, establish probable cause for detention. Such other materials may include a copy of a police or other report which forms the basis for the complaint and arrest. We recognize that the information in such a report is hearsay, but hearsay evidence has traditionally been deemed to establish probable cause without infringing Fourth Amendment prohibitions. (See *Aguilar* v. *Texas, supra,* 378 U.S. 108, 114 [12 L.Ed.2d 723, 728-729]; *Brinegar* v. *United States* (1949) 338 U.S. 160, 174 [93 L.Ed. 1879, 1889-1890, 69 S.Ct. 1302].) To assure that the reports bear the indicia of reliability necessary to justify the magistrate's reliance upon them, the materials submitted must be stated upon the personal knowledge of the party who makes the report or upon the information and belief of such person who further states the basis for his information and belief and other facts which demonstrate the trustworthiness of such information. (See *People* v. *Cressey, supra,* 2 Cal.3d 836, 842; *People* v. *Sesslin, supra,* 68 Cal.2d 418, 425-426.) Any sworn document which states factual matters with a like degree of reliability may also be considered in determining probable

---

[6]Necessarily, the complaint will have to allege all of the elements of a criminal offense and the complaint or the supporting documents will have to provide facts establishing or permitting an inference of each element of that offense; otherwise, probable cause to believe that a crime has been committed will not be established. (Cf. *Rideout* v. *Superior Court* (1967) 67 Cal.2d 471 [62 Cal.Rptr. 581, 432 P.2d 197].)

cause, including documents which incorporate by reference pertinent police reports which are also stated with a similar degree of reliability.[7]

■ Probable cause may also be proved by a sworn complaint which, without reference to other materials, fully explicates the factual basis for the crime charged including all elements of the offense. This may be the most expeditious method for complying with *Gerstein* since it merely requires augmentation of criminal complaint procedures currently in use to include a sworn statement of facts explaining the basis for arrest and the grounds for believing the defendant committed the crime charged, when alleged in terms which meet constitutional standards. (*People* v. *Cressey, supra,* 2 Cal.3d 836; *People* v. *Sesslin, supra,* 68 Cal.2d 418.)[8]

■ If relevant documentation does not support probable cause for continued detention, the court may receive testimonial evidence on the issue in the presence of the defendant and his attorney. But the receipt of such testimony is merely a substitute for factual materials which could have been presented by sworn statement and, as the defendant is not entitled to challenge such factual statements by confronting and cross-examining the declarer, he likewise has no right to confront and

[7] Penal Code section 1204.5 states, "In any criminal action, after the filing of any complaint or other accusatory pleading and before a plea, finding, or verdict of guilty, no judge of any court shall read or consider any written report of any law enforcement officer or witness to any offense, or any information reflecting the arrest or conviction record of a defendant, or any affidavit or representation of any kind, verbal or written, except as provided in the rules of evidence applicable at the trial, or with the consent of the accused given in open court, or affidavits in connection with the issuance of a warrant or the hearing of any law and motion matter, or any application for an order fixing or changing bail, or a petition for a writ."

The probable cause determination required under *Gerstein* is in the nature of a "law and motion" matter within the meaning of section 1204.5. Therefore, the judge who reads the arrest report is not disqualified from further participation in the criminal proceedings involving the particular defendant.

[8] We note that our procedures which provide for a preliminary hearing in the case of a felony charged by information fully comply with *Gerstein* requirements. In case of a demand for a *Gerstein* hearing at the time of arraignment on an information the court need only ascertain the *fact* that the accused was held to answer following a preliminary hearing and thereupon conclude that probable cause for detention exists. Although an accused charged by indictment, unlike an accused charged by information, has not had, in the strict sense, the benefit of a *judicial* determination of probable cause prior to arraignment, he nevertheless has had the benefit of a considered determination of probable cause in a quasi-judicial setting before the return of a true bill against him. Without deciding whether the Fourth Amendment is offended on probable cause grounds by our duly conducted indictment procedures, we nevertheless note that one accused of a felony can challenge the existence of probable cause by a motion pursuant to section 995, and a hearing thereon would constitute, among other things, a timely judicial determination of the existence of probable cause to detain pending trial. An accused's failure to so move will be deemed to constitute a waiver of his right to such a determination.

cross-examine the witnesses who testify on the issue of probable cause to detain. (*Gerstein* v. *Pugh, supra,* 420 U.S. 103, 121-122 [43 L.Ed.2d 54, 69].) The People need only establish a prima facie case of probable cause to detain on sworn statements or testimony " 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.' " (*Id.,* at p. 111.[L.Ed.2d at p. 64].)[9]

■ If the judicial officer finds that probable cause has not been established, the defendant must be discharged from custody. However, prosecution of the offense is not precluded thereafter since additional evidence may be obtained by the time of trial. In any event, an unlawful arrest is not a bar to trial. (See *People* v. *Bradford* (1969) 70 Cal.2d 333, 344-345 [74 Cal.Rptr. 726, 450 P.2d 46].) *Gerstein* is concerned only with probable cause for pretrial detention and does not purport to hold that the absence of probable cause for detention bars further prosecution of the case. (*Gerstein* v. *Pugh, supra,* 420 U.S. 103, 124-125, fn. 26 [43 L.Ed.2d 54, 71-72].)

### Disposition of the Case at Bar

■ We return briefly to the facts of this case to demonstrate that the probable cause determination made at petitioner's arraignment complied with our interpretation of *Gerstein*'s procedural requirements.

---

[9]The Supreme Court noted in *Gerstein* that it had afforded a parolee and a probationer arrested prior to revocation of parole or probation an initial determination that there existed grounds which may support revocation, thus justifying a temporary detention pending formal revocation proceedings. (*Gerstein* v. *Pugh, supra,* 420 U.S. 103, 121, fn. 22 [43 L.Ed.2d 54, 70], citing *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 487 [33 L.Ed.2d 484, 497-498, 92 S.Ct. 2593] and *Gagnon* v. *Scarpelli* (1973) 411 U.S. 778, 786 [36 L.Ed.2d 656, 664, 93 S.Ct. 1756].) Although the prerevocation hearings in those cases are informal, they nevertheless are adversary hearings in which the accused may participate. (See *People* v. *Vickers* (1972) 8 Cal.3d 451, 456-457, 461 [105 Cal.Rptr. 305, 503 P.2d 1313].) The Supreme Court noted in *Gerstein,* however, that the due process prerevocation hearings are to be distinguished from the Fourth Amendment probable cause hearings as a prerevocation hearing serves the further purpose of "gathering and preserving live testimony, since the final revocation hearing frequently is held at some distance from the place where the violation occurred." (*Gerstein* v. *Pugh, supra,* 420 U.S. 103, 121, fn. 22 [43 L.Ed.2d 54, 70].) The court found a further basis for distinction on the ground that a revocation hearing "may offer less protection from initial error than the more formal criminal process, where violations are defined by statute and the prosecutor has a professional duty not to charge a suspect with crime unless he is satisfied of probable cause. [Citations.]" (*Id.,* at pp. 121-122, fn. 22 [L.Ed.2d at p. 70].) A more pragmatic ground for not according to an accused an adversary hearing on the issue of probable cause to detain is stated as follows: "Criminal justice is already overburdened by the volume of cases and the complexities of our system. The processing of misdemeanors, in particular, and the early stages of prosecution generally are marked by delays that can seriously affect the quality of justice. A constitutional doctrine requiring adversary hearings for all persons detained pending trial could exacerbate the problem of pretrial delay." (*Id.,* at p. 122, fn. 23 [L.Ed.2d at p. 70].)

In responding to petitioner's request for a probable cause determination, the judge stated that he had read the police reports and that they established probable cause for the continued detention. Those reports, which are included in the Attorney General's return to our order to show cause, recite the facts personally observed by the arresting officer which formed the basis for the officer's conclusion that a public offense had been committed by petitioner in the officer's presence. Although those reports were not incorporated by reference in the sworn complaint, they were properly referred to by the magistrate. The arrest and follow-up reports were written and signed by the arresting officer under penalty of perjury, and complied with our requirement, inter alia, that such reports be sworn to and be made upon the officer's personal knowledge. We conclude that the magistrate properly ruled that there was probable cause to believe the charged crimes were committed by petitioner and that there was probable cause for his continued detention.

We emphasize that procedures approved by this opinion should not be read as exclusive of others which may be employed by magistrates and trial courts in making probable cause determinations in compliance with *Gerstein.* Judicial administration problems in the crowded courts of our urban centers are different from those in the rural counties and may necessitate and justify differing procedures. However, the procedures which are adopted must comport with the standards set forth herein and must assure a judicial determination of probable cause for the continued detention following arrest of a defendant charged with the commission of a misdemeanor if the defendant is not released on bail, on his own recognizance, or through any other procedure that results in release from custody at arraignment or prior thereto.

The order to show cause is discharged and the writ of habeas corpus is denied.

McComb, J., Tobriner, J., Mosk, J., Sullivan, J., Clark, J., and Richardson, J., concurred.