[Crim. No. 32282. Second Dist., Div. Five. Feb. 28, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND EUGENE MACK, JR., Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Harold E. Shabo and Paul D. Fogel, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and John A. Saurenman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HASTINGS, J.**—Defendant Mack appeals his conviction by the trial court for grand theft in violation of Penal Code section 487.[1] He contends that his motion to set aside the information under section 995[2] was improperly denied.

The following statement of facts is based upon the preliminary hearing transcript. Richard Robbins, a detective with the Ventura Police Department, was assigned to investigate an auto theft and a service station cash box theft, both of which occurred late August 18 or early August 19, 1977. In October, Robbins interviewed a group of defendant's friends, who all told him a basically similar story: defendant Mack stole a pickup truck and then with two other young men stole the cash box from the gas station while the attendant was asleep. The three of them then drove to an undeveloped area near a cemetery, where they pried open the cash box and split the proceeds equally. As they started to drive away from the cemetery, they observed a police car coming toward them, abandoned the truck and ran across an open field. This testimony was admitted over a hearsay objection; the court ruled it admissible for probable cause only.

After questioning Mack's friends, Robbins then went to talk with Mack at the Ventura County Honor Farm. He was in custody pursuant to a no contest plea in a different and totally unrelated case and was waiting to be sentenced. Prior to the interview with Mack, Robbins told him he was under arrest for violations of sections 486 and 487. No formal charges, however, had been filed. Robbins then read Mack his *Miranda*[3] rights from a card. Mack said he was willing to talk about the charges and confessed to the cash box theft from the gas station. He denied the auto theft. Robbins testified that he did not know that Mack was represented by counsel in the other case, nor did Mack ever tell him that he had counsel in that case, although he was in fact represented by the public defender. Robbins was told only, at some point in the conversation, that he was waiting to be sentenced. Objection to the admission of his confession obtained in this interview was overruled.

[1] Unless otherwise specifically noted, all statutory references are to the Penal Code.

[2] Section 995 provides in pertinent part: "The . . . information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases: . . . [¶] 1. That before the filing thereof the defendant had not been legally committed by a magistrate. [¶] 2. That the defendant had been committed without reasonable or probable cause."

[3] *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

Testimony at Mack's preliminary hearing confirmed that the offenses were in fact committed on the night in question. The owner of the pickup truck testified his vehicle was stolen. Theft was established by the testimony of the station attendant. The gas station owner testified that all the cash was missing from his cash box when he found it the next day near the cemetery.

Mack was then arraigned, pled not guilty, and his section 995 motion to set aside the information was denied. Jury trial was waived and by stipulation the matter was submitted on the transcript of the preliminary hearing. The court found Mack guilty of grand theft[4] and committed him to the California Youth Authority for the base median term of two years.

Mack contends on appeal that the erroneous admission of statements attributed to him by Officer Robbins rendered the magistrate's commitment of him to superior court illegal and required the trial court to grant his motion to set aside the information pursuant to section 995.

■ The admission of his inculpatory statements was erroneous, he argues, because Robbins conducted the interview in the absence of counsel when he knew or should have known that Mack had counsel in the other case. We disagree. Absence of counsel, in these circumstances, does not render Mack's statements inadmissible, and California decisional law fully supports the magistrate's admission of his voluntary confession. In *People* v. *Duck Wong* (1976) 18 Cal.3d 178 [133 Cal.Rptr. 511, 555 P.2d 297], defendant was suspected of killing his fiancee with his automobile. Officer O'Toole was assigned to investigate the case and sought assistance in locating defendant from one Gary Yee. On the same day, defendant retained an attorney who, apparently knowing of the investigation, called O'Toole and informed him that defendant was his client. Although O'Toole advised the attorney that he would cease his search to locate defendant, he nevertheless persisted in his efforts and eventually met with defendant without his attorney being present. Defendant was given his *Miranda* rights and he waived them, which of course included the right to have his counsel present. He then proceeded to make inculpatory statements regarding the accident. The statements were admitted into evidence and the Supreme Court affirmed, concluding that a police officer may interrogate the suspect, who has waived his *Miranda* rights, without first notifying and obtaining the consent of the suspect's counsel when formal charges to the crime in question have not been filed.

[4]The auto theft charge was dismissed.

The *Duck Wong* decision was later applied in *People* v. *Booker,* 69 Cal.App.3d 654 [138 Cal.Rptr. 347], where the facts are somewhat similar to those in our present case. Defendant had murdered a woman and her 14-month-old daughter in Monrovia, California, and then fled to New Mexico. He eventually was placed in custody in that state on charges involving a robbery committed there. New Mexico counsel (the public defender) was appointed to represent him and told him not to talk to anyone. California police, in New Mexico to investigate the murders, visited defendant in jail. They were told that defendant was represented by counsel on the New Mexico charges. Defendant was given his *Miranda* rights by the Los Angeles police and eventually waived them, and, without counsel being present, admitted killing the victims. This court (Div. 2), following *Duck Wong* and distinguishing *Brewer* v. *Williams,* 430 U.S. 387 [51 L.Ed.2d 424, 97 S.Ct. 1232],[5] sustained the admission of the confession because formal charges in the California murder case had not been filed at the time of the interrogation.

The argument that Robbins should have ceased his interview because he should have known Mack had an attorney is also without merit. In *Duck Wong* and *Booker,* the interrogating officers knew the defendants had counsel. In *Booker,* counsel was representing defendant on an unrelated crime, a situation similar to our present case. In *Duck Wong* it was the same crime. Accordingly, knowledge by the officer that a defendant has an attorney *before* formal charges are filed is immaterial, if the defendant knowingly waives his right to have his attorney present. The defendant is not being deceived or coerced. The *Miranda* warning clearly advises him of his right to an attorney and where, as here, he had an attorney in the unrelated crime, he could have numerous reasons for waiving his right to an attorney this time around.[6] The officer, under these circumstances, is not required, as Mack urges, to cease further efforts to determine the facts. As Justice Richardson noted in *Duck Wong,* 18 Cal.3d 178 (p. 187): "Finally, there are compelling policy considerations against an extension of *Isby* [*People* v. *Isby,* 267 Cal.App.2d 484 (73 Cal.Rptr. 294)] to all custodial interrogations. Following the commission of a possible crime, it is essential that the police not be unduly hampered in their investigation. Under the defendant's proposed extension of *Isby,* however, interrogation of suspects could be delayed indefinitely while the officers attempted to locate the suspect's counsel, notify him of the

[5]*Brewer* prevents interrogation of a defendant without the presence of defendant's attorney once adversary proceedings have commenced.

[6]This is quite different from the factual situation in the recent case of *People* v. *Boyd,* 86 Cal.App.3d 54 [150 Cal.Rptr. 34], where the two crimes of burglary and arson involved the same premises, the same victims, and were closely related.

proposed interview, and either obtain his consent thereto or permit his participation therein. We find no convincing reasons why such a cumbersome procedure is necessary to protect a suspect's constitutional rights."

Mack contends that *People* v. *Duren,* 9 Cal.3d 218 [107 Cal.Rptr. 157, 507 P.2d 1365]; *People* v. *Chen,* 37 Cal.App.3d 1046 [112 Cal.Rptr. 894] (overruled on other grounds in *People* v. *Jimenez,* 21 Cal.3d 595, 608 [147 Cal.Rptr. 595, 580 P.2d 672]); and *Tidwell* v. *Superior Court,* 17 Cal.App.3d 780 [95 Cal.Rptr. 213], support his argument on this issue. In *Duren* and *Chen,* defendants had counsel on unrelated crimes. Statements to police officers without counsel present were admitted and affirmed on appeal. By way of dictum both opinions merely observed that the interrogating officers did not have reason to believe that counsel had been appointed in the other cases. But dictum or not, *Duck Wong* and *Booker* supersede these decisions and put to rest the materiality of knowledge when a defendant knowingly waives his right to counsel before formal charges have been filed. The same is true for *Tidwell* but it is even less in point than *Duren* and *Chen.* In *Tidwell,* the defendant had not been advised of his rights, nor did he waive them. Furthermore, *Tidwell* relied on *People* v. *Isby, supra,* which *Duck Wong* repudiated in a related factual situation.

Mack's other argument on appeal is that the statements of his three friends to Robbins were inadmissible hearsay. When the evidence was first offered, Mack's counsel stated: "We would like to have an order of the Court that this is admitted only for probable cause." The court agreed and made the record clear that it was only for this purpose. ■ Both counsel and the court were correct, hearsay evidence may be used to establish probable cause to arrest. (*In re Walters,* 15 Cal.3d 738, 751 [126 Cal.Rptr. 239, 543 P.2d 607].) Furthermore, the essential elements of the crime were established without reference to these statements. The only remaining issue was that of identity which was established by defendant. There was no error.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied March 30, 1979, and appellant's petition for a hearing by the Supreme Court was denied April 26, 1974.