Filed 1/20/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EVAN TAYLOR ARMOGEDA,<br><br>    Defendant and Appellant. | G048761<br><br>(Super. Ct. No. R-01161)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher J. Evans, Temporary Judge (Pursuant to Cal. Const., art. VI, § 21). Reversed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In 2000, the California voters passed Proposition 36 for the purpose of placing nonviolent drug offenders into substance abuse treatment programs, rather than incarcerating them. (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2000), § 3.) Among its provisions, Proposition 36 enacted Penal Code section 3063.1, which, under many circumstances, prohibits the Board of Parole Hearings from revoking parole and incarcerating the parolee based on his or her commission of a nonviolent drug possession crime or violation of a drug-related parole condition. (For convenience, any such offense or violation is referred to in this opinion as an NVDP.)[1]

In 2011, the Legislature enacted realignment legislation, including the Postrelease Community Supervision Act of 2011 (§ 3450 et seq.) (the Act). (Stats. 2011, ch. 15, § 479.) The Act mandates that certain felons released from prison on or after October 1, 2011, be placed on postrelease community supervision, as opposed to parole. (§ 3451.) Under the Act, persons who violate a condition of their postrelease community supervision may be incarcerated and their supervision may be revoked, even for an NVDP. (§ 3455.)

Defendant Evan Taylor Armogeda appeals from the court's order requiring him to serve 60 days in jail for committing an NVDP violation of his supervision. Defendant contends the Act, which authorizes the court's order, improperly amends

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Proposition 36 enacted the Substance Abuse and Crime Prevention Act of 2000, codified at sections 1210, 1210.1 and 3063.1 (requiring courts to order probation and drug treatment rather than incarceration for NVDP offenders, but allowing revocation of probation under circumstances similar to those governing the Board of Parole Hearing's authority to revoke parole), and division 10.8 of the Health and Safety Code (commencing with Health & Saf. Code, § 11999.4 [substance abuse treatment funding]). (Prop. 36, §§ 1, 4, 5, 6, & 7.)

Proposition 36 (a voter initiative) and thereby violates the California Constitution.[2] We agree and therefore reverse the order.

FACTS

In 2011, defendant was convicted of possessing a controlled substance. (Health & Saf. Code, § 11350, subd. (a).) After serving a prison sentence, he was released on postrelease community supervision.

Eight months later, the probation department petitioned to revoke his supervision because he had committed new drug-related crimes.[3] At a hearing, defense counsel argued the court was precluded from revoking defendant's supervision based on his commission of an NVDP. She argued that under section 3063.1, *parole* may not be revoked under such circumstances. She argued that community supervision violators are lower level offenders than parolees, and are similar to parolees in that they have had sentence imposed and have completed their prison terms.

The court rejected defendant's argument, sentenced him to 90 days in jail, and ordered him to report to his probation officer to enroll in a drug treatment program after his release from custody.

After defendant was released from custody, the probation department filed another petition to revoke his supervision based on his missing a probation office visit and drug test, allowing his whereabouts to become unknown, and being arrested for possession of drugs and drug paraphernalia. (Health & Saf. Code, §§ 11350, 11364.1,

---

[2] Defendant also contends the order violated his equal protection rights, a contention we do not address since we reverse the order on another ground.

[3] In a separate case on the new charges, defendant pleaded guilty to possessing drugs in violation of Health and Safety Code sections 11350 and 11377. He was placed on probation on condition he complete drug treatment.

3

subd. (a), 11377.)  The court denied defendant's request for dismissal of the petition. Defendant then admitted he had violated his supervision by possessing drugs and failing to appear for drug testing.  The court revoked defendant's supervision, then reinstated it and sentenced him to 60 days in jail (with 28 days credit).  Defendant timely appealed the order.

DISCUSSION

Defendant argues that, prior to the Act, "he would have been classified as a parolee under section 3063.1 and given drug treatment instead of jail."  He concludes the Act amends Proposition 36 and violates the California Constitution by improperly amending a voter initiative.  (Cal. Const., art. II, § 10, subd. (c).)

*Defendant's Claim is a Matter of Continuing Public Interest*

Defendant acknowledges his claim might be perceived as moot, because he has served his period of incarceration, but asks this court to exercise its discretion to address the issue as a matter of continuing public interest.  An appellate court has discretion to decide a moot claim that presents questions of general public concern, "particularly in the area of the supervision of the administration of criminal justice." (*In re Walters* (1975) 15 Cal.3d 738, 744.)  Because the issue of the Act's validity will continue to impact persons whose postrelease community supervision is revoked for an NVDP, we will consider defendant's claim on the merits.

*The Act Improperly Amends Proposition 36*

1. *Proposition 36*

Proposition 36 mandates that, generally, NVDP offenders should receive treatment, rather than incarceration.  By doing so, Proposition 36 aims (1) to reduce

4

crime by reserving prison and jail cells for violent criminals; (2) to cut costs by treating rather than incarcerating nonviolent drug users; and (3) to improve public health and decrease crime by reducing drug dependence through treatment.  (*Gardner v. Schwarzenegger* (2009) 178 Cal.App.4th 1366, 1370.)

Section 3063.1 (enacted by Prop. 36) mandates that, subject to specified exceptions not applicable here, when a parolee initially commits an NVDP, he or she must complete a drug treatment program as an additional condition of parole, but his or her parole may *not* be revoked, unless a preponderance of the evidence establishes that the parolee poses a danger to the safety of others.  (*Id*., subds. (a), (d)(2).)[4]  If a parolee receives drug treatment for his first NVDP, and, during the course of drug treatment he or she commits another NVDP, parole may only be revoked if the commission of the NVDP is proved and a preponderance of the evidence establishes that the parolee is a danger to the safety of others.  (*Id*., subds. (d)(2), (d)(3)(A).)  If a parolee commits a second NVDP during the course of his treatment, the parolee is not eligible for continued parole and he or she may be reincarcerated.  (*Id*., subd. (d)(3)(B).)  A parolee may be incarcerated only if his or her parole is revoked.  (*Id*., subd. (d)(1).)

Here, the probation department *twice* filed petitions to revoke defendant's supervision based on his commission of an NVDP, the first resulting in his incarceration and placement in a treatment program, and the second for an NVDP committed during the course of treatment.  There was no finding that defendant posed a danger to the safety of others.  Thus, had defendant been on parole rather than postrelease supervision, his Proposition 36 treatment program could have been intensified, but he could not have been incarcerated.  (§ 3063.1, subd. (d)(3)(A).)

---

[4]  Section 3063.1 does not apply to (1) a parolee convicted of a serious or violent felony; (2) a parolee who, while on parole, concurrently commits an NVDP *and* a felony or a non-drug-related misdemeanor; *or* (3) a parolee who refuses drug treatment as a parole condition.  (*Id*., subd. (b).)

The California Constitution limits the Legislature's power to amend an initiative statute. (Cal. Const. art. II, § 10, subd. (c) [Legislature may amend initiative statute only with voters' approval unless initiative statute permits amendment or repeal without voters' approval].) "When a statute enacted by the initiative process is involved, the Legislature may amend it only if the voters specifically gave the Legislature that power, and then only upon whatever conditions the voters attached to the Legislature's amendatory powers." (*Proposition 103 Enforcement Project v. Charles Quackenbush* (1998) 64 Cal.App.4th 1473, 1483-1484.)

Proposition 36 allows amendment by the Legislature only when approved by a two-thirds vote of each house *and* when such amendment furthers Proposition 36 and is consistent with its purposes. (Prop. 36, § 9.)

2. *The Act*

In the wake of realignment, a person released from prison is subject to a period of either parole (§ 3000 et seq.) or postrelease community supervision (§ 3450 et seq.). (*People v. Cruz* (2012) 207 Cal.App.4th 664, 672.) Parole applies to high level offenders, i.e., third strikers, high risk sex offenders, and persons imprisoned for serious or violent felonies or who have a severe mental disorder and committed specified crimes. (§ 3451, subd. (b).) All other released persons are placed on postrelease community supervision. (§ 3451, subd. (a).)

Postrelease community supervision is governed by the Act, which includes section 3455. Under section 3455, subdivision (a), when a person violates a condition of supervision, the hearing officer may, inter alia, revoke the person's supervision and order the person to be incarcerated in jail, or modify the person's supervision conditions, including a period of jail incarceration. Such incarceration shall not exceed 180 days for each custodial sanction. (§ 3455, subd. (d).) Thus, section 3455 authorizes revocation of

6

postrelease community supervision, as well as incarceration for up to 180 days, for any violation of supervision conditions, including an NVDP offense.

3.  *The Act Amends Proposition 36*

It is a question of law, which we determine de novo, whether the Act amends Proposition 36.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [de novo review of statutory interpretation]; *People v. Superior Court* (*Mudge*) (1997) 54 Cal.App.4th 407, 411 [de novo review of constitutionality of statute].)

The Attorney General argues the Act does not amend Proposition 36, reasoning that parole is separate and distinct from postrelease community supervision, and that Proposition 36 does not apply to such supervision.  Postrelease community supervision, however, did not exist when Proposition 36 was enacted; it was created when the Legislature passed the Act.  The Legislature cannot evade Proposition 36's amendment requirements simply by passing legislation that purports to pare down the proposition's coverage.  Proposition 36 clearly dealt with the manner in which NVDP offenders should be treated while under continued government supervision after release from prison.  At the time of Proposition 36's passage, the continued supervision was called parole.  Now, the continued supervision is called either parole or postrelease community supervision.  In either case, the goal is to provide oversight and guidance as the inmate reintegrates into a free society.  The Legislature may not change Proposition 36's coverage by changing the name and the means of the oversight without complying with the amendment requirements of the initiative.  We must give Proposition 36's limitation on legislative amendment "the effect the voters intended it to have."  (*Amwest Sur. Ins. Co. v. Wilson* (1995) 11 Cal.4th 1243, 1255-1256.)  Otherwise, "drafters of future initiatives [might] hesitate to grant even a limited authority to the Legislature to amend those initiatives."  (*Id.* at p. 1256.)

7

As applied to NVDP offenders, the clear effect of section 3455 is to amend Proposition 36. As stated by defendant, the Act "has simply applied a new label to a parolee who otherwise would be afforded treatment in lieu of incarceration." Section 3455 authorizes incarceration for an NVDP, "when that sanction would be prohibited by Proposition 36." (*Gardner v. Schwarzenegger*, *supra*, 178 Cal.App.4th at p. 1377.)

Having concluded that the Act amends Proposition 36, we must determine whether the amendment requirements of the initiative have been satisfied. They have not. Proposition 36 provides: "This act may be amended only by a roll call vote of two thirds of the membership of both houses of the Legislature. All amendments to this act shall be to further the act and shall be consistent with its purposes." (Prop. 36, § 9.) We take judicial notice of the number of members of the California State Senate (40) and Assembly (80). We also take judicial notice of the votes in favor of and opposed to the enactment of the Act. (Assem. Bill No. 17 (2011-2012 1st Ex. Sess.).) The vote in the Senate was 23 in favor; 14 opposed. Two-thirds of the Senate membership of 40 is 27. The vote in the Senate was 4 votes short of the required two-thirds of its membership. Similarly, the vote in the Assembly was 47 in favor; 27 opposed. Two-thirds of the Assembly membership of 80 is 54. The vote in the Assembly was 7 votes short of the required two-thirds of its membership.

## DISPOSITION

The order is reversed.  As applied to nonviolent drug possession offenders and violators of drug-related conditions of postrelease community supervision, section 3455, which permits the incarceration of those persons under circumstances not permitted by Proposition 36, unconstitutionally amends Proposition 36 and to that extent is invalid.

IKOLA, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

ARONSON, J.

9