Filed 12/24/15  P. v. Borrayo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>FRANK RICHARD BORRAYO,<br><br>　　Defendant and Appellant. | G051394<br><br>(Super. Ct. No. 13HF2082)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie L. Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part; reversed in part and remanded.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Frank Richard Borrayo appeals from a postjudgment order granting his petition to recall his felony conviction, reduce it to a misdemeanor, and resentence him. Borrayo argues the trial court erred by imposing one year of parole because he was not still serving a sentence when he was on postrelease community supervision (PRCS). Alternatively, he contends his excess custody credits should reduce his parole time and fines. As we explain below, we disagree with his first argument but agree with his second contention.[1] We affirm in part, reverse in part, and remand with directions.

FACTS

In July 2013, an amended felony complaint charged Borrayo with possession of heroin (Health & Saf. Code, § 11350, subd. (a), count 1), and possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1, subd. (a), count 2). The complaint alleged Borrayo had one prior strike conviction (Pen. Code, §§ 667, subds. (d), (e)(l) & 1170.12, subds. (b), (c)(1), all further statutory references are to the Pen. Code, unless otherwise indicated), and had served seven prior prison terms (§ 667.5, subd. (b)).

The same month, Borrayo pleaded guilty to the charged crimes and admitted all the alleged priors. The factual basis for the plea was that on June 25, 2013, Borrayo willfully, unlawfully, and knowingly possessed a usable quantity of heroin and paraphernalia used to ingest heroin. The trial court sentenced Borrayo to prison for two years on count 1. The court suspended sentence on count 2, struck the prior strike conviction (§ 1385, subd. (a)), for purposes of sentencing only; and struck the seven prison priors for the purposes of sentencing only. The court awarded him 18 days of

---

[1] These issues are currently under review in the California Supreme Court. (*People v. Hickman* (2015) 237 Cal.App.4th 984, review granted Aug. 26, 2015, S227964; *People v. Morales* (2015) 238 Cal.App.4th 42 (*Morales*), review granted Aug. 26, 2015, S228030; *People v. McCoy* (2015) 239 Cal.App.4th 431, review granted Oct. 14, 2015, S229296; *People v. Armogeda* (2015) 233 Cal.App.4th 428, review granted, Dec. 9, 2015, S230374.)

actual credit and 18 days of conduct credit. The court imposed a restitution fine of $280 (§ 1202.4), a $280 PRCS revocation restitution fine (§ 1202.45), and ordered him to register (Health & Saf. Code, § 11590). Borrayo was released from custody on or about June 23, 2014, and was on PRCS.

In January 2015, Borrayo filed a petition for recall of sentence and resentencing, seeking to reduce his conviction to a misdemeanor pursuant to section 1170.18. At the hearing on the petition, defense counsel argued that because Borrayo had served his two-year prison sentence he was "maxed out," the trial court should grant relief under section 1170.18, subdivision (f). The prosecutor said she was "under the same impression[,]" explaining though she did not "have those notes."

The trial court, having found Borrayo was still serving his sentence because he was on PRCS, granted the petition under section 1170.18, subdivision (a), reduced Borrayo's felony under Health and Safety Code section 11350 to a misdemeanor, imposed 365 days in the Orange County jail, awarded him 365 days credit, and re-imposed all fines and fees in the same amounts. The court also imposed one year of parole under section 1170.18, subdivision (d), based on his significant criminal record including a prior strike conviction and seven prison priors.

DISCUSSION

Borrayo argues the trial court erred by imposing parole because he was on PRCS and not "currently serving a sentence for a conviction." We disagree.

In 2011, the Legislature enacted what it called "the 2011 Realignment Legislation addressing public safety." (Stats. 2011, ch. 15, § 1.) In the wake of realignment, a person released from prison is subject to a period of either parole (§ 3000 et seq.) or [PRCS] (§ 3450 et seq.). Parole applies to high-level offenders, i.e., third strikers, high-risk sex offenders, and persons imprisoned for serious or violent felonies or who have a severe mental disorder and committed specified crimes. (§ 3451, subd. (b).) All other released persons are placed on [PRCS]. (§ 3451, subd. (a).)

3

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day. [Citation.]" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). Proposition 47 [did the following:] (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 . . . , and (3) amended . . . sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. [Citation.]" (*Rivera, supra,* 233 Cal.App.4th at p. 1091.)

Proposition 47 added section 1170.18, which in relevant part provides:

"(a) A person *currently serving a sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with [s]ections 11350, 11357, or 11377 of the Health and Safety Code, or [s]ection 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

"(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to [s]ections 11350, 11357, or 11377 of the Health and Safety Code, or [s]ection 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. In exercising its discretion, the court may consider all of

4

the following:  [¶]  (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes.  [¶]  (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated.  [¶]  (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety.  [¶] . . . [¶]

"(d) A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole. . . .  [¶] . . . [¶]

"(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors."  (Italics added.)

The issue here is whether someone who is on PRCS is "currently serving a sentence" or "has completed his or her sentence."  Section 3000, subdivision (a)(1), commands that a determinate felony sentence "shall include" a period of parole supervision or PRCS.  Section 1170, subdivision (c), recognizes this expansive scope of a determinate felony sentence, providing in relevant part:  "The court shall state the reasons for its sentence choice [of the low, middle, or upper prison term] on the record at the time of sentencing.  The court shall also inform the defendant that as part of the sentence after expiration of the term he or she may be on parole for a period as provided in [s]ection 3000."  We presume the voters who enacted Proposition 47, and the proposition's drafters, were aware the law defines a determinate felony sentence to include a prison term and a period of parole or PRCS.  Thus, we presume the voters and

5

the drafters intended section 1170.18, subdivisions (a)'s and (f)'s felony "sentence" to include a prison term and a period of parole or PRCS. (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 283 [electorate and drafters of initiative statute deemed to be aware of existing law].)

Borrayo contends that if we conclude PRCS is part of a felony sentence and thus the trial court properly imposed one year of parole, the court abused its discretion in relying on his prior convictions because the trial court previously struck those for purposes of sentencing. We conclude Borrayo misconstrues subdivision (d) (subdivision references are to section 1170.18). If a court concludes a defendant "is currently serving a sentence for a conviction" pursuant to subdivision (a), the court must resentence pursuant to subdivision (b). Subdivision (d) states that if the court resentences pursuant to subdivision (b), a defendant "*shall be* subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (Italics added.) Based on subdivision (d)'s plain language, imposition of parole is mandatory and the trial court need not offer reasons. The exercise of discretion language in subdivision (d) refers to a trial court releasing defendant from parole. In other words, under subdivision (d), parole is the default. Finally, Borrayo has not established one year of parole would result in a longer "term" in violation of section 1170.18, subdivision (e).

*Excess Custody Credits*

Borrayo contends that if we conclude, as we do, he is subject to one year of parole, his excess custody credits should reduce his parole period and fines. We agree.

The general rule is that a person subject to parole is entitled to credit excess custody time against the parole period and the voters must have known this when they enacted Proposition 47. There is no clear indication the voters intended to change the law on this issue. Indeed, they expressly retained all "otherwise available" remedies.

(§ 1170.18, subd. (m).)  Thus, any excess custody credits may reduce Borrayo's parole period.  As to fines, section 2900.5, subdivision (a), authorizes excess custody credits to be "credited to any fine, including, but not limited to, base fines, on a proportional basis, that may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence."  Because section 1170.18 says nothing about fines, credit against applicable fines is an available remedy.  Therefore, any excess custody credits may reduce Borrayo's fines.

Borrayo also claims the trial court erred in imposing a $280 restitution fine (§ 1202.4) and a $280 PRCS fine (§ 1202.45).  Borrayo failed to object to these fines below and, thus, has forfeited the issue.  (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [restitution amount factual determination that must be brought to trial court's attention and failure to do so forfeits issue].)  With respect to Borrayo's claim his counsel was ineffective for failing to object to the fine amounts, he has not established deficient performance or prejudice.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 268 ["Rather than attempt to glean inferences from a record where the critical questions were irrelevant and unasked, we do not reach the merits of that issue"].)

*Motion to Augment*

While this appeal was pending, we granted Borrayo's motion to augment the record on appeal with a minute order from August 12, 2015.  The minute order states, that pursuant to *Morales, supra,* 238 Cal.App.4th 42, review granted August 26, 2015, S228030, the trial court resentenced Borrayo.  The court sentenced him to 364 days on count 1 and awarded him total credits of 24 months.  The court explained that because his total credits of 24 months exceed the total sentence, including confinement time and parole, Borrayo was immediately discharged from parole on this matter.  The court added that because his total credits of 24 months exceed the total sentence, including confinement time and parole, the excess days will reduce his outstanding fines by $50.  The court vacated the Health and Safety Code section 11590 registration.

7

While we commend the trial court's initiative in modifying Borrayo's sentence to comport with *Morales, supra,* 238 Cal.App.4th 42, we conclude the court lacked jurisdiction to make the modification because this appeal was pending. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 929-930 [trial court lacked jurisdiction to recall sentence and resentence under proposition 47 while appeal was pending (*Scarbrough*); but see *People v. Awad* (2015) 238 Cal.App.4th 215, 223-224 [limited remand to allow trial court to conduct proposition 47 postconviction hearing proper].)[2] Therefore, the modification order is void. (*Scarbrough, supra,* 240 Cal.App.4th at p. 920.)

## DISPOSITION

The matter is remanded to the trial court with instructions to recalculate Borrayo's parole period consistent with this opinion. In all other respects, the postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.

---

[2] Although section 1237.1 gives trial courts concurrent jurisdiction to correct errors involving the calculation of presentence credits while an appeal is pending, that section applies only to mathematical or clerical mistakes, not substantive issues like the ones involved in this case. (*Scarbrough, supra,* 240 Cal.App.4th at p. 923.)