Filed 3/30/16  P. v. Couch CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HARRY ALLAN COUCH,<br><br>    Defendant and Appellant. | 2d Crim. No. B262658<br>(Super. Ct. No. KA100548)<br>(Ventura County) |

Harry Allan Couch was subject to post release community service (PRCS) when he was arrested by his supervising probation officer for violations of the conditions of his release relating to drug possession and use.  Appellant had an informal probable cause hearing before another probation officer two days after his arrest.  His first court appearance occurred 25 days later.  Forty-five days after appellant's arrest, while he was still in custody, the trial court heard both appellant's motion to dismiss the petition for revocation and the petition itself.  It denied the motion to dismiss, found one of the five original allegations to be true and ordered appellant to serve 90 days in county jail.  With credit for time served and good conduct, appellant was ordered released from custody that day.  Appellant contends the trial court erred because the PRCS revocation process violates his rights to due process and equal protection, and the requirements of Proposition 36.  We remand the matter for a determination of whether appellant qualifies for treatment under Proposition 36.  In all other respects, we affirm.

*Facts*

Appellant was convicted in February 2013 of child abuse (Pen. Code, § 273A, subd. (a))[1], forgery of a vehicle registration (Veh. Code, § 4463, subd. (a)(1)), and evading an officer. (Veh. Code, § 2800.2, subd. (a).) He was sentenced to state prison for a term of 2 years, 8 months. On May 4, 2014, appellant was released from prison and referred to the Ventura County Probation Agency for post-release community supervision (PRCS). The conditions of his release required appellant to, among other things, participate in random drug tests and refrain from using any controlled substances.

On November 3, 2014, appellant provided a urine sample that tested positive for methamphetamine. On December 20, 2014, his probation officer and a police officer conducted a field check at appellant's residence. He was not able to provide a urine sample, but offered to have his blood drawn for a drug test. During a search of his residence, a probation officer found a silver pocket knife in the bathroom. Officers found no drugs or drug paraphernalia in the apartment. The probation officer stated that, during the field check, appellant "displayed the following symptoms consistent with being under the influence of a controlled substance: unkempt appearance, nervous attitude, visible neck pulse, constricted pupils in a well lit room, fidgety and spoke rapidly."

Appellant consistently denied using drugs. He had valid prescriptions for medications to treat bronchitis and claimed the medications caused both the positive drug test and his inability to urinate. Because appellant would not be "honest" about his drug use, the probation officer stated, he could not be enrolled in rehabilitative services. The probation officer recommended appellant serve 180 days in custody, which she described as "a moderate incarceration time to serve as a period of sobriety and for [appellant] to use this time to reflect upon his behavior and his plans for his future on supervision."

On December 29, the probation office filed a petition to revoke appellant's PRCS alleging appellant had violated the conditions of his release because: 1. he provided a urine sample that tested positive for methamphetamine on November 3, 2014; 2. he was

---

[1] All statutory references are to the Penal Code unless otherwise stated.

under the influence of a controlled substance on December 20, 2014; 3. he used a controlled substance on December 20, 2014; 4. he willfully failed to provide a urine sample on December 20; and 5. he possessed a silver pocket knife, which is a dangerous weapon. The petition also states, "The supervising agency established probable cause for the alleged violation on (*date*): 12-22-14[.]" This statement apparently refers to a December 22, 2014 meeting between appellant and a Senior Deputy Probation Officer, who was not appellant's supervising officer. During that meeting, appellant denied using drugs and declined to accept the offer of 120 days in custody.

Appellant's formal revocation hearing was continued from January 21, 2015 to February 2, 2015. At the hearing, the prosecutor dismissed the allegations that appellant was under the influence and had used a controlled substance on December 20, 2014 because the blood sample appellant provided on December 20 tested negative for methamphetamine and other controlled substances. The November 3, 2014 urine sample was, however, positive and the allegation relating to drug use on that date was not dismissed. Appellant and his landlord testified at the hearing that he did chores at his residence, in lieu of paying rent. He used the knife to cut up carpet that he was removing from the house, at the landlord's request. After hearing testimony, the trial court found that appellant provided a positive urine sample on November 3. It found the remaining allegations had not been established.

## Discussion

The PRCS revocation procedures here utilized are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (Mar. 2, 2016, B264167) __ Cal.App.4th __ [2016 Cal.App. Lexis 167]. We follow our own precedent. Appellant's contentions are without merit.

## Proposition 36

After finding that appellant's November 3, 2014 positive drug test violated the terms of his PRCS, the trial court ordered appellant to serve 90 days in county jail. Appellant contends this order violated Proposition 36 because he was not first referred to

3

treatment for a non-violent drug possession ("NVDP") offense.  Respondent correctly concedes the issue.

Proposition 36 mandates that, as a general rule, a person who commits a NVDP offense should be referred to drug treatment rather than to jail.  (§ 1210.1; *Gardner v. Schwarzenegger* (2009) 178 Cal.App.4th 1366, 1369-1371.)  Section 3063.1, enacted as part of Proposition 36, requires drug treatment rather than incarceration for most parolees who violate their parole by committing a NVDP offense.  Parole may be revoked for a first-time NVDP offense only where the parolee poses a danger to the safety of others.  (§ 3063.1, subd. (a), (d)(1).)  Section 3455, applicable to PRCS, contains no such limitations; it authorizes revocation of PRCS and incarceration for up to 180 days for any violation of supervision conditions, including an NVDP offense.

*People v. Armogeda* (2015) 233 Cal.App.4th 428, held that section 3455 amended Proposition 36 because it authorized incarceration as a sanction for a NVDP violation of PRCS conditions.  (*Id.*, at p. 435.)  Because the statute was not enacted by a legislative super-majority, *Armogeda* held it improperly amended the voter initiative:  "As applied to nonviolent drug possession offenders and violators of drug-related conditions of postrelease community supervision, section 3455, which permits the incarceration of those persons under circumstances not permitted by Proposition 36, unconstitutionally amends Proposition 36 and to that extent is invalid."  (*Id.*, at p. 436.)

Respondent concedes section 3455 may not be applied in a manner that is inconsistent with the treatment requirements of Proposition 36.  Thus, if appellant is otherwise eligible for treatment under Proposition 36, the trial court erred when it ordered him to serve 90 days in jail rather than to participate in drug treatment.  There is, however, some question as to whether appellant qualifies for treatment under Proposition 36.  (See, e.g., *People v. Guzman, supra*, 35 Cal.4th at pp. 585-587; *People v. Canty* (2004) 32 Cal.4th 1266, 1272-1273; *People v. Wheeler* (2005) 127 Cal.App.4th 873, 881 (forgery is not a NVDP offense within the meaning of Prop. 36); *People v. Martinez* (2005) 127 Cal.App.4th 1156, 1162 (same).)  Accordingly, we will remand the matter to the trial court for a determination of appellant's eligibility for treatment under Proposition 36.

4

*Conclusion*

The trial court erred when it imposed a jail term without first determining whether appellant qualifies for drug treatment under Proposition 36. We remand the matter for a finding on that issue. In all other respects, the order granting the petition for revocation of community supervision is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

5

Brian J. Back, Judge

Superior Court County of Ventura

_____


Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy; William Quest, Snr. Dep. Public Defender, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stacy S. Schwartz, Deputy Attorney General, for Plaintiff and Respondent.