Filed 5/19/16  P. v. Sigala CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL SIGALA,<br><br>    Defendant and Appellant. | 2d Crim. No. B265552<br>(Super. Ct. No. 2010045388)<br>(Ventura County) |

Michael Sigala appeals an order revoking and reinstating his postrelease community supervision (PRCS) and imposing a 120-day jail term following his admission that he violated drug-related conditions of his release.  (Pen. Code, § 3450 et seq.) [1]  Sigala contends, and the People concede, that the custody order for a nonviolent drug-related violation contravenes Proposition 36 and *People v. Armogeda* (2015) 233 Cal.App.4th 428, 436 (*Armogeda*).

## BACKGROUND

In 2012, Sigala was convicted after plea of guilty to child abuse.  (§ 273a, subd. (a).)  He admitted serving three prior prison sentences.  (§ 667.5, subd. (b).)  The trial court suspended imposition of sentence and ordered formal probation.  After Sigala twice violated the terms of probation, the trial court imposed a four-year prison term.

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

In 2014, Sigala was released under PRCS. As a condition of release he agreed to obey all laws and not to use or possess controlled substances or dangerous drugs without a prescription, to report to the supervising agency as directed, and to submit to drug testing, among other things.

On March 25, 2015, Sigala did not report to the supervising agency for drug testing as directed. On April 21, he admitted using methamphetamine and heroin on the previous day. On April 22, the Oxnard Police Department arrested him for unlawful possession of Suboxone without a prescription. (Health & Saf. Code, § 11350, subd. (a).)

Sigala waived a formal revocation hearing and agreed to confinement in jail for 120 days. Sigala subsequently asked the court to allow him to withdraw his waiver, arguing that that custodial sanctions are inappropriate pursuant to *Armogeda*. The trial court concluded *Armogeda* does not apply because Sigala failed to report to the supervising agency. It indicated it would order a hearing or impose a 120-day sentence. Sigala submitted without a hearing. The trial court revoked PRCS and imposed a 120-day jail sentence.

DISCUSSION

Unless Sigala is otherwise ineligible for drug treatment, the trial court should have imposed treatment pursuant to Proposition 36 rather than custodial sanctions because Sigala's violations were nonviolent and drug-related. The People correctly concede.

Section 3063.1, enacted as part of Proposition 36, requires drug treatment rather than incarceration for most parolees who violate the conditions of release by committing a "nonviolent drug possession offense," or violating any "drug-related condition of parole." (*Id.*, subd. (a).) There are limitations for parolees who have been convicted of a serious or violent felony, commit a concurrent offense that is not drug-related, refuse drug treatment, or pose a danger to public safety. (*Id.*, subds. (b) & (d).) Section 3455 of the Postrelease Supervision Act of 2011 authorizes revocation of PRCS and incarceration for up to 180 days for violation of any condition of release. But section 3455 may not be applied in a manner that is inconsistent with the treatment requirements

2

of Proposition 36. (*Armogeda*, *supra*, 233 Cal.App.4th at p. 436.) Failure to report is a drug-related condition of parole where, as here, reporting for drug testing is part of the parolee's treatment regimen. (§ 3063.1, subd. (e) ["The term 'drug related condition of parole' shall include a parolee's specific drug treatment regimen"]; see *Armogeda*, at pp. 432, 434.)

If Sigala is otherwise ineligible for treatment, the trial court erred when it ordered a jail term instead of treatment. Accordingly, we will remand the matter to the trial court for a finding on that issue.

DISPOSITION

We reverse the order and remand for the trial court to consider whether Sigala qualifies for drug treatment consistent with Penal Code section 3063.1.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

3

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Katherine E. Hardie, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.