Filed 5/19/16  P. v. Moreno CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NELSON MORENO,<br><br>    Defendant and Appellant. | 2d Crim. No. B265859<br>(Super. Ct. No. LA068449)<br>(Ventura County) |

Nelson Moreno appeals an order revoking his Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq),[1] entered after he admitted violating PRCS and agreed to serve 180 days county jail.  (§ 3455, subd. (a).)  The trial court denied appellant's request to reduce the confinement period to 150 days county jail.  We affirm. Buyer's remorse is not grounds for vacating a written waiver of a PRCS revocation hearing.  (See e.g., *In re Vargas* (2000) 83 Cal.App.4th 1125, 1143-1144.)

*Facts and Procedural History*

In 2011, appellant was sentenced to three years state prison for felony grand theft auto with a prior.  (§ 666.5.)  Appellant was released in 2013 and placed on PRCS supervision with drug terms.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On May 9, 2015, appellant was arrested for not reporting to his supervising officer after he was released from custody on another matter. A probable cause hearing was conducted two days later on May 11, 2015. The administrative hearing officer determined there was probable cause that appellant had violated his PRCS terms and advised appellant that the Ventura County Probation Agency was recommending 180 days county jail. (§ 3455, subd. (a).) Appellant admitted violating PRCS, agreed to serve 180 days jail, and waived in writing his right to counsel and a formal revocation hearing.

On June 4, 2015 the superior court was asked to approve the petition revoking PRCS. Appellant appeared with counsel and made a *Williams* motion (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636) to dismiss the petition on due process grounds. After the court denied the motion, appellant asked the court to "modify" the waiver because 180 days jail "seems to be a little harsh." Appellant said that "I shouldn't have signed" the waiver and "I disagree with my signature." The trial court sustained the petition and ordered appellant to serve 180 days county jail as agreed to. Appellant asked, "Can you do . . . 150?" Appellant was ordered to serve 180 days with 54 days credit.

*Voluntary Waiver*

Appellant contends that the written waiver was not voluntary and that he did not relinquish his right to a formal revocation hearing. (*Johnson v. Zerbst* (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466]; *People v. Panizzon* (1996) 13 Cal.4th 68, 80 [voluntariness of waiver is reviewed de novo].) Appellant argues that supervising agencies need guidance on when a PRCS revocation waiver is knowing and voluntary. (See e.g., *People v. Armogeda* (2015) 233 Cal.App.4th 428, 433.)

Under the Postrelease Community Supervision Act of 2011, violation of PRCS can result in immediate sanctions including flash incarceration up to 10 days. (§ 3454, subd. (b).) If the supervising county agency determines that intermediate sanctions are not appropriate, it "shall petition the court pursuant to Section 1203.2 to revoke, modify, or terminate postrelease community supervision." (§ 3455, subd. (a).)

2

Section 3455, subdivision (a) provides: "At any point during the process initiated pursuant to this section, a person may waive, in writing, his or her right to counsel, admit the violation of his or her postrelease community supervision, waive a court hearing, and accept the proposed modification of his or her postrelease community supervision."

That is what happened here. On May 11, 2015 Senior Deputy Officer Venessa Meza held an administrative hearing and determined there was probable cause that appellant violated his PRCS terms. Appellant admitted violating PRCS and signed a waiver of rights and admission form stating that "I hereby waive and give up my right to a revocation hearing." Appellant waved his right to be represented by an attorney and agreed to serve 180 days county jail. The hearing officer verified that the waiver form was read to appellant and that appellant understood his rights and conditions of release. Appellant initialed a paragraph stating that "[t]his waiver is executed freely, voluntarily, and without any coercion or promise of immunity" and that in admitting the PRCS violation, he would serve 180 days county jail. Appellant initialed another paragraph stating: "I hereby declare to the Court that I have read or have had read to me and understand each and every one of the paragraphs above and that I have personally initialed the applicable paragraphs after careful consideration. Further, I warrant and represent that by signing this form I agree to waive each and every one of the rights initialed above in order to waive a revocation hearing and accept the proposed modification(s) as indicated above of my Postrelease Community Supervision."

Appellant argues that he did not voluntarily waive his rights because he "crumple[d] up" the probable cause hearing documents and left the room on May 11, 2015. On May 14, 2015, three days later, appellant spoke to Deputy Probation Officer Rebecca Convery but did not disavow the waiver. Appellant said that he did not report to probation because he was working and that using methamphetamine was "something I had to do." Appellant said that once he was released from custody, he wanted to "make a deal with probation" and would stay clean and report as directed.

3

The record shows that appellant was well-versed in PRCS revocations and made a knowing, voluntary, and intelligent waiver of his right to a formal revocation hearing. (See e.g., *People v. Mosby* (2004) 33 Cal.4th 353, 365 [prior experience with criminal justice system supports conclusion that defendant knew and waived his rights]; *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1660 [court considers relevant facts and circumstances, including the defendant's experience, conduct, and background].) Appellant had already served seven flash incarcerations and seven PRCS revocations (a total of 420 days in custody) for failure to obey all laws, drug use, failure to report to probation, failure to drug test, and changing residences without notifying probation.

The pending PRCS violation was more serious and carried a recommended 180 day jail confinement period (the maximum confinement period) for a reason. Appellant had chronically absconded from probation supervision and reverted back to illicit drug use and sexually deviant behavior. In March 2015, appellant masturbated in an animal hospital waiting room and was ordered to leave. Oxnard Police identified appellant from a surveillance video and told him that he would be arrested for lewd conduct (§ 647, subd. (a)) in the upcoming days.

On April 27, 2015, appellant was in jail on another matter and directed to report to probation within 48 hours of his custodial release. Appellant was released on May 4, 2015 and absconded.

On May 9, 2015, appellant was detained by the Oxnard Police for being under the influence of a controlled substance. Appellant falsely identified himself as "Oscar Gonzales," was in possession of a glass methamphetamine pipe that had a burnt crystalline substance, and tested positive for amphetamines, methamphetamine, and MDMA.

On May 11, 2015, appellant waived his PRCS revocation rights and agreed to serve 180 days county jail, the maximum confinement period. (§ 3455, subd. (d).) Frustrated about his predicament, appellant crumpled up the documents but did not disavow the waiver. At the hearing on the PRCS revocation petition, appellant said that

4

"I had no other choice . . . but to sign" and accept the 180 day jail recommendation. The trial court responded, "Oh, we always have choices in life. Sometimes the alternative choice just isn't a very good one."

The record shows that appellant knowingly and voluntarily waived his right to a formal revocation hearing. Weeks after appellant agreed to serve 180 days county jail, he tried to strike a new bargain. It is well settled that buyer's remorse is not grounds for vacating a guilty plea. (*In re Vargas, supra,* 83 Cal.App.4th at pp. 1143-1144; *People v. Knight* (1987) 194 Cal.App.3d 337, 344; *People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) The same principle applies to PRCS revocations where the defendant admits the PRCS violation, waives the right to a formal revocation hearing, and agrees to serve a recommended jail term. In the words of the trial court, appellant "understood and knew what he was doing when he agreed to the waiver. . . ." We concur. Having served the agreed upon period of confinement, appellant has no due process right to a reduced negotiated disposition. The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

5

Donald Coleman, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.