Filed 6/29/16  P. v. Taylor CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DIEGO JESUS TAYLOR,<br><br>        Defendant and Appellant. | A144483<br><br>(Marin County<br>Super. Ct. No. SC191797A) |

Defendant Diego Jesus Taylor appeals from an order imposing 180 days of county jail time for a drug-related violation of postrelease community supervision (PRCS).   He also asserts the trial court failed to properly account for all of his custody credits.  We affirm the jail sentence, but remand for the accurate calculation of defendant's credits.

## I.  BACKGROUND

In October 2011, defendant pleaded guilty to one count of possession of a firearm by a felon (Pen. Code,[1] former § 12021, subd. (a)(1)) and two counts of possession for sale of a controlled substance (Health & Saf. Code, §§ 11351, 11378).  He was sentenced to state prison for a determinate term of four years four months.  In August 2013, defendant was released from prison on PRCS.

While on PRCS, defendant struggled to abstain from illegal drug use.  On May 2 and 9, 2014, defendant tested positive for amphetamines and methamphetamine.  Probation directed defendant to report to the Helen Vine Detox Center (Helen Vine) for

---

[1] All statutory references are to the Penal Code unless otherwise specified.

72 hours, which he did on May 9. On May 30 and June 2, 2014, defendant again tested positive for drugs. His tests were clean on June 9 and 16, but on July14 he admitted to using methamphetamine to his probation officer. Probation once again directed defendant to report to Helen Vine for 72 hours.

On July 21, defendant tested positive for amphetamine and methamphetamine. Between July 23 and July 28, defendant was placed in flash incarceration. Upon his release, defendant reported to Marin Services for Men, a residential sober living environment. On August 8, 19, and 26, defendant tested positive for marijuana. As a result of the marijuana use, defendant was ordered to report to Helen Vine for 72 hours. Defendant relapsed and tested positive for marijuana on September 9 and 10. On December 19 and 22, defendant tested positive for amphetamine and methamphetamine.

On December 22, defendant told his probation officer his mother had passed away that day. Defendant was told to check in with probation on December 24, but he failed to do so. Defendant's probation officer contacted defendant on December 29, and told him to report to probation on the following day. Defendant told the officer he would be unable to return to Marin County until January 5, 2015, because he was handling funeral arrangements for his mother in Sacramento. Defendant failed to report to probation on January 5, and a bench warrant was issued for his arrest. Defendant talked with his probation officer by phone on January 12, stating he did not feel he had done anything wrong and would not go to residential drug treatment. On January 20, defendant reported to his probation officer, was placed under arrest, and tested for drugs. The test came back positive for amphetamine and methamphetamine.

The following day, January 21, probation filed a petition for revocation of defendant's PCRS. On February 23, the court heard testimony from various witnesses and then rendered its decision. The court found defendant was not amenable to drug treatment, refused drug treatment, and was dangerous and presented a risk to society based on his ongoing drug use and the nature of his most recent conviction. The court sustained the petition, revoked defendant's PRCS, and imposed a custodial sanction of 180 days.

## II. DISCUSSION

### A. *Revocation of PRCS*

Defendant argues the trial court erred in revoking his PRCS and incarcerating him pursuant to section 3455 because that statute impermissibly overrides Proposition 36, the Substance Abuse and Crime Prevention Act of 2000. Defendant relies on *People v. Armogeda* (2015) 233 Cal.App.4th 428 (*Armogeda*), which holds: "As applied to nonviolent drug possession offenders and violators of drug-related conditions of [PRCS], section 3455, which permits the incarceration of those persons under circumstances not permitted by Proposition 36, unconstitutionally amends Proposition 36 and to that extent is invalid." (*Id.* at p. 436.)

The fundamental problem with defendant's argument is the trial court's decision was not predicated on section 3455. Consistent with *Armogeda* , the court looked to section 3063.1, which was added by Proposition 36, to determine whether revocation of PRCS was justified. Section 3063.1 expressly applies to the revocation of parole and, pursuant to *Armogeda*, also applies to the revocation of PRCS. (*Armogeda*, *supra*, 233 Cal.App.4th at pp. 434–436.) Subdivision (a) of section 3063.1 provides that, except as provided in subdivision (d), "parole shall not be suspended or revoked for commission of a nonviolent drug possession offense or for violating any condition of any drug-related condition of parole." (§ 3063.1, subd. (a).) Subdivision (d) states parole may be revoked and the defendant incarcerated "if the parole violation is proved and a preponderance of the evidence establishes that the parolee poses a danger to the safety of others." (§ 3063.1, subd. (d)(1).) Additionally, subdivision (a) does not apply to a "parolee who refuses drug treatment as a condition of parole." (§ 3063.1, subd. (b)(3).) Parole may also be revoked, if at any point during the course of drug treatment, the drug treatment provider provides notice the parolee is "unamenable to the drug treatment provided and all other forms of drug treatment provided." (§ 3063.1, subd. (c)(2).)

Here, the trial court expressly referenced section 3063.1 and found defendant refused drug treatment, was unamenable to treatment, and posed a danger to the safety of

3

others.  Thus, contrary to defendant's contentions, the court did not apply the wrong legal standard.[2]

Defendant's appeal of the revocation also fails because it is moot.  As defendant concedes, there is no remedy we can provide as he has already served the 180-day term at issue on appeal.  Defendant nevertheless argues we should consider his claims because the validity of section 3455 presents a matter of continuing public interest.   As defendant asserts, we have discretion to decide moot claims presenting questions of general public concern, "particularly in the area of the supervision of the administration of criminal justice." (*In re Walters* (1975) 15 Cal.3d 738, 744.)  But this claim does not present such a question.  As discussed above, this case does not turn on a dispute over the validity of section 3455, as the trial court followed *Armogeda* and evaluated whether revocation was proper under section 3063.1.  The thrust of defendant's remaining arguments is that the trial court erred in finding he refused treatment and was unamenable to it.  These arguments concern the sufficiency of evidence in this particular case and thus do not raise issues of public interest.

In any event, the trial court's finding that defendant refused treatment is supported by substantial evidence.  Defendant tested positive for drugs at least a dozen times from May 2014 and January 2015, despite being sent to drug treatment centers on several occasions.  Moreover, on January 12, 2015, defendant told his probation officer he would not submit to residential drug treatment.  Based on this evidence, the trial court reasonably concluded revocation was proper under section 3063.1.

**B.  *Custody Credits***

Defendant further argues the trial court erred by failing to credit his excess custody credits against his PRCS period and eligible fines.[3]  We agree.  Section 2900.5

---

[2] Defendant also argues section 3455 violates the equal protection rights of persons on PRCS such as himself because it treats them differently than similarly situated parolees, who are entitled to drug treatment under section 3063.1.  We need not and do not reach the issue because trial court considered whether drug treatment was appropriate under section 3063.1 and thus treated defendant exactly the same as a parolee.

mandates that a defendant's excess custody credits be applied to reduce his or her parole period and eligible fines. As persons on PRCS are similarly situated to those on parole, denying them the benefits of section 2900.5 would violate their equal protection rights.[4] Accordingly, those on PRCS are also entitled to excess custody credits.

Section 2900.5 provides that when a defendant convicted of a felony or misdemeanor has been in custody, his or her days of custody "shall be credited" against the "term of imprisonment" or to any fine. (*Id.*, subd. (a).) A defendant's days in custody include any time spent in a jail or "rehabilitation facility." (*Ibid.*) The statute defines " 'term of imprisonment' " to include parole. (*Id.*, subd. (c).) Custody credit must first be applied to reduce some or all of the term of imprisonment, with any remaining credit applied against fines. (*Id.*, subd. (a).) Effective January 2016, custody credits are to be applied against fines at a rate of not less than $125 per day. (*Ibid.*)

Here, defendant received credit for a total of 69 days, 35 days of actual credit and 34 days of conduct credits under section 4019. The 35 days of actual credit were presumably accrued when defendant served time in the Marin County jail between January 20, 2015, when he surrendered to his probation officer, and February 23, 2015, the date of the revocation hearing. But the awarded credits do not account for defendant's flash incarceration between July 23 and July 28, 2014, or his stints at the Helen Vine Detox Center. Accordingly, remand is necessary for the accurate calculation and application of defendant's excess custody credits.

---

[3] Defendant did not object to the court's calculation of his custody credits below. As the Attorney General has not argued defendant waived the issue, we will consider it.

[4] The Attorney General argues *People v. Espinoza* (2014) 226 Cal.App.4th 635 (*Espinoza*) rejected an identical equal protection claim. *Espinoza* held that inmates subject to community supervision were not entitled to apply excess credits against that period. Although the discussion is in part framed in terms of "equal protection," the court's analysis focuses on the permissibility of distinguishing between inmates sentenced before the Criminal Justice Realignment Act (and thus subject to parole) and those sentenced thereafter (and thus subject to community supervision). We have no quarrel with the court's view that the ex post facto clause does not bar drawing such a distinction. Therefore, there is no need to express any view on the correctness of the result in *Espinoza*.

## III. DISPOSITION

We affirm the trial court's revocation of PRCS, and remand for proper calculation of defendant's custody credits.

_____

Margulies, J.


We concur:


_____

Humes, P.J.


_____

Dondero, J.


A144483

*People v. Taylor*

7